## WILSON SEWING-MACHINE CO. *v.* WILSON.

*(Circuit Court, D. Connecticut.* January 3, 1885.)

SERVICE OF COMPLAINT—NON-RESIDENT DEFENDANT IN ATTENDANCE ON TRIAL.

A non-resident defendant, in attendance upon the trial of his case, at which trial his presence is necessary both as a witness and for the purpose of instructing his counsel, is protected while in such attendance from service by summons of a new writ or complaint against him.

Plea in Abatement.

*L. W. Hubbard* and *Wm. C. Case,* for plaintiff.

*H. C. Robinson* and *A. P. Hyde,* for defendant.

SHIPMAN, J. This is a plea in abatement, upon the ground that the complaint was not legally served. The plaintiff is a citizen of Connecticut, and the defendant is a citizen of the state of Illinois. On March 19, 1884, four actions at law were assigned for trial in this court: one being in favor of F. H. Alford, against the present defendant; and three being upon indorsed promissory notes in favor of the indorsee, the First National Bank of Chicago, against the makers, said Alford and Charles Dickinson. The defendant was an indorser upon each of said notes. In the case in which Alford was plaintiff, the defendant was the important witness in his own behalf, and his personal presence was necessary for the instruction of his counsel. He came from Chicago to Hartford, on March 18th, expressly to attend the trial of his case. The attorney for the bank had notified his client that it was necessary to be prepared to prove that it became the owner of the notes before maturity. Wilson knew the date when the notes were discounted, and, being here upon his own case, was ready and prepared to be used as a witness in the bank cases. He was in fact called by the defendants. The trial of Alford against Wilson commenced on March 19th and was finished on March 27th.

On March 20th, and before the defendant had been called as a witness, the complaint in this case was served upon him, in the courthouse at Hartford, by summons. No attachment was ever made. Disregarding the fact that the defendant was in attendance in readiness to be used as a witness in the bank cases, the question is, is a non-resident defendant, in attendance upon the trial of his case, at which trial his presence is necessary, both as a witness and for the purpose of instructing his counsel, protected, while in such attendance, from service by summons of a new writ or complaint against him?

It is not denied that non-resident parties and witnesses, while in attendance upon the trial of causes with which they are connected, are privileged from arrest on civil process. The contention upon this plea is whether a non-resident defendant and witness is protected from service of a new writ by summons. Upon principle, the answer should be in the affirmative. It is important to the administration of justice that each party to a suit should have a free and untrammeled opportunity to present his case, and that non-resident defendants should not be deterred, by the fear of being harassed or burdened with new suits in a foreign state, from presenting themselves in such state to testify in their own behalf, or to defend their property. The inconvenience to which plaintiffs are subjected, by being compelled to sue defendants in the states of which they are citizens, is not so great as to justify the allowance of obstructions, by means of legal proceedings, which will preclude non-resident suitors from giving free and unrestricted attention to their cases when they are on trial. Public policy requires that the entrance of such suitors to the court-room should not be impeded.

The authorities upon the general question of the protection of non-resident parties and witnesses from the service of process, while they are in attendance upon the trial of cases in which they are concerned, are very numerous, and were collected in the defendant's brief. It is sufficient to cite only those which bear upon the precise point in this case, and which are: *Matthews* v. *Tufts*, 87 N. Y. 568; *Parker* v. *Hotchkiss*, 1 Wall. Jr. 269; *Lyell* v. *Goodwin*, 4 McLean, 29; *Halsey* v. *Stewart*, 4 N. J. Law, 366; *Miles* v. *McCullough*, 1 Binn. 77. The decision is confined to a case of a non-resident defendant; because the supreme court of Connecticut held, in *Bishop* v. *Vose*, 27 Conn. 1, that a non-resident plaintiff was not protected, while in attendance upon the trial of his case in this state, from the service of a new writ by summons. There is, perhaps, a reason why a plaintiff, who has voluntarily sought the aid and the protection of our courts, should not shrink from being subjected to their control, which does not apply to the condition of a defendant whose attendance is compulsory; and therefore I do not intend to express dissent from the doctrine of the Connecticut case, but to limit this decision to the facts which are before me.

The plea in abatement is sustained.