EDGAR D. CHITTENDEN *vs.* EDWARD CARTER.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A nonresident who comes into this State to testify in a cause here pending to which he is not a party, is exempt from the service of civil process while here for that purpose; and the mere fact that he may have some interest in the success of the litigation does not affect this exemption.

A demurrer admits the facts alleged, but not averments of unwarranted inferences or conclusions therefrom.

The defendant bought stock of *A*, giving him *B's* note in payment therefor under an agreement that when it was collected any surplus should be returned to him, the defendant, and that if not collected the defendant should pay *A* for the stock or return it. *Held:—*

1. That *A* thereby became a bona fide holder of the note for a valuable consideration, and was the real as well as the nominal party plaintiff in a suit brought by him upon it against *B*.

2. That the interest of the defendant in the result of that suit did not deprive him of his right of exemption from the service of civil

process while attending court in this State to testify as a witness therein.

Argued November 5th—decided December 17th, 1909.

ACTION against a nonresident for fraudulent representations, brought to and tried by the Superior Court in Fairfield County, *Gager, J.*, upon a plea in abatement alleging service of process upon the defendant while he was temporarily here for the sole purpose of testifying as a witness in another cause; the court sustained the plea and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*John C. Chamberlain,* for the appellant (plaintiff).

*John W. Banks,* for the appellee (defendant).

HALL, J. The plaintiff, a resident of this State, brought an action against the defendant, a resident of the city of New York, for $5,000 damages for an alleged fraudulent sale of stock. The officer's return endorsed upon the original complaint shows a personal service upon the defendant in the city of Bridgeport. Upon the return of the complaint to court the defendant filed the following plea in abatement: "1. Defendant was at the time of the service of the writ in this action and still is a resident and citizen of the State of New York and not a resident of this State. 2. At the time of the service of said writ the defendant was temporarily in the city of Bridgeport in this State, for the sole purpose of testifying as a witness in a certain cause then and there pending in this court, in which the E. L. Cleveland Company was the plaintiff and Charles M. Gilman was the defendant. 3. Said writ was not otherwise served upon the defendant than by leaving a copy of said writ and complaint with him immediately after he had left the court room where he was in attendance as such witness and while he was temporarily in this State

for the sole purpose of testifying as a witness in said cause and before he had had a reasonable opportunity to leave the State after said attendance in this court. He therefore prays for judgment."

To this plea the plaintiff demurred, upon these grounds: "1. That it does not appear from said plea in abatement whether or not the defendant at the time of the service was supposed to be a witness for the plaintiff or the defendant in the then pending action. 2. Because it does not appear from said plea in abatement but that the defendant voluntarily came within the jurisdiction of said court for the purpose of assisting another person, who had also voluntarily entered within its jurisdiction." The trial court overruled this demurrer.

The plaintiff thereupon filed the following answer to the plea in abatement: "1. Paragraphs 1, 2 and 3 are admitted. 2. Said action of Cleveland against Gilman, in which this defendant came to testify, was one brought by said Cleveland to enforce the collection of a certain promissory note, executed by the therein defendant Gilman, and transferred by him to the defendant in this action, Edward Carter. 3. Said promissory note was transferred by the defendant herein to the said Cleveland with the agreement that the proceeds of said note when collected should be first applied to the payment of certain stock purchased by said Carter from said Cleveland, and the balance paid over to said Carter, with the further agreement that if said note was not so collected said Carter should pay said Cleveland for said stock out of his own funds, or lose the same. 4. Said action, in which said Carter was present as a witness, was one in which the said Cleveland was a nominal plaintiff only, and he, the said Carter, was the real plaintiff, and was the person interested in its outcome."

To this answer the defendant demurred upon these grounds: "1. Because a nonresident of this State who is

present in this city solely for the purpose of testifying as a witness in an action here pending, is exempt from the service of process, even though he be interested in the outcome of said action. 2. Because a nonresident of this State who is present in this city solely for the purpose of testifying as a witness in an action here pending, is exempt from the service of process, even though he be the real plaintiff in said action. 3. Because it appears from the allegations of the answer that the defendant is not the plaintiff in said action of *Cleveland against Gilman*, but merely a witness interested in the outcome of said action." The trial court sustained this demurrer and thereupon rendered judgment for the defendant.

The rulings of the trial court upon these two demurrers are the only reasons of appeal.

In overruling the plaintiff's demurrer to the plea in abatement, and sustaining the defendant's demurrer to the answer to the plea in abatement, the trial court in effect held: first, that the defendant, being a nonresident and present in this State for the sole purpose of testifying in said case of the E. L. Cleveland Company v. Charles M. Gilman, pending in the Superior Court of this State, could not lawfully be served with process in the present action before he had had a reasonable opportunity to leave this State after his attendance in said court as such witness; second, that upon the facts alleged in the plaintiff's answer to the plea in abatement the defendant in this case was not the real plaintiff in the case of Cleveland Company v. Gilman; and third, that this defendant's interest in the outcome of the case of Cleveland Company v. Gilman, as shown by the facts alleged in the answer to the plea in abatement, was not such as to render the service of process upon him in this case lawful.

In the case of *Bishop* v. *Vose*, 27 Conn. 1, 13, it was held that an inhabitant of another State while attending court in this State as a party plaintiff was not protected from the

service of civil process in an action against him in the courts of this State. It appeared in that case that the defendant Vose, who claimed protection from the service of process, had come into this State to attend the trial of a case pending here in which he was both a party plaintiff and a witness. While the case does not expressly decide that a foreign witness, while attending court here to testify, is protected from the service upon him of civil process, the opinion recognizes the existence of sound reasons for a distinction between the rights of a witness, and of a party plaintiff, to such exemption, and refers without any expression of disapproval to high authorities holding. that such foreign witnesses should be so protected. In speaking of the claim made, that witnesses and parties from other States stand upon materially different grounds, and that the former ought not to be sued while in attendance on our courts as witnesses, the court says: "Perhaps this is so. We are not prepared to say that it is not, since a witness may be said not voluntarily to put himself under our jurisdiction like a party. Distinguished judges have thought that there was a difference and a material difference in this respect, that foreign witnesses ought to be encouraged to come and testify in person, and therefore should be protected from all jurisdictional process of a civil nature, while this is not necessary as to parties, who are not here except from pure choice." After citing cases showing such to be the law in other jurisdictions, the court says that it knows of no decisions carrying the exception beyond the case of a witness, nor of any principle of comity or public policy which should sustain the defendant's claim that he was so protected while here to testify in a case in which he was a party plaintiff.

The rule giving to nonresident witnesses immunity from the service upon them of civil process, while going to, remaining at, and returning from courts before which they are to testify in another jurisdiction, is established both in

England and in this country by a very great weight of authority, and rests upon sound principles. We may add that the decisions in many jurisdictions, differing from that in *Bishop* v. *Vose*, 27 Conn. 1, extend that immunity to nonresident parties, while attending the trial of their cases in other jurisdictions, and in which they are to testify as witnesses. A collection of the authorities supporting this rule may be found in the note to the case of *Martin* v. *Bacon*, 6 Amer. & Eng. Ann. Cas. 336, 338, and in note to *Mullen* v. *Sanborn*, 25 L. R. A. 721. Generally, the principles upon which these decisions regarding immunity of foreign witnesses are based are that the due administration of justice requires that every reasonable method of ascertaining the whole truth in matters before them should be open to our courts; that a very important one of these methods is the personal presence and oral testimony of witnesses having knowledge of the subject under investigation; that the personal attendance of foreign witnesses cannot be enforced by process, and must therefore necessarily be voluntary on their part; that liability to be sued in a foreign jurisdiction would naturally tend to deter such witnesses from attending court in such jurisdictions; and that as witnesses attending court are in a measure within the control of the court, during the trial of a cause, whatever interferes with such control and obstructs the trial affects the dignity and authority of the court itself. We think the reasons for the rule are sound, and that the trial court properly overruled the demurrer to the plea in abatement.

But the plaintiff urges that from the averments of the answer to the plea in abatement it appears that the defendant Carter was a party plaintiff in the suit of Cleveland Company v. Gilman, and therefore not exempt from the service of process, under the decision in *Bishop* v. *Vose*, 27 Conn. 1.

The allegations in paragraph 4 of the answer, that Cleveland was only a nominal plaintiff, and that the defendant

was the real plaintiff and the person interested in the outcome of the suit of Cleveland Company v. Gilman, are clearly only statements of conclusions from the facts alleged in paragraph 3, and are admitted by the demurrer only to the extent that they are justifiable inferences from such alleged facts.

The facts alleged in paragraph 3 fail to show that the defendant Carter was the real plaintiff in the Cleveland case. They show that the defendant Carter purchased certain stock from Cleveland, and, in payment thereof, transferred to him Gilman's note with the agreement that, when collected, any balance above the price of the stock should be paid by Cleveland to Carter, and that, if not collected, Carter should pay for his stock, or return it. These facts made Cleveland a bona fide holder of the note for good consideration, and show that he was the real, as well as the nominal, party plaintiff. We are not inclined to apply the doctrine of *Bishop* v. *Vose*, 27 Conn. 1, to the extent of holding that the fact that Carter had some interest in the success of the suit in which he was not a party deprived him of the immunity from the service of civil process which, under the law, he had as a witness. The defendant's demurrer to the plaintiff's answer was therefore properly sustained.

There is no error.

In this opinion the other judges concurred.