Ryan *v.* Ebecke.

MARY RYAN *vs.* PHILIP EBECKE ET AL.

First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

For reasons of public policy, the law accords immunity from service of civil process to a nonresident who voluntarily enters this State to promote the due administration of justice by appearing as a witness or as a party defendant in a civil action.

This exemption does not apply to a nonresident defendant in a criminal action whose presence is obtained by legal compulsion, as, for example, one who has been extradited, or, as in the present case, one who has left the State under bail bond and has returned for the purpose of answering charges pending against him.

An accused at large under bail bond is in the constructive custody of the law, the vigilance of his bondsmen and their rights to pursue and arrest him being temporarily substituted for imprisonment.

The present case does not require a review of the early holding in *Bishop* v. *Vose,* 27 Conn. 1, that a nonresident plaintiff in a civil action is subject to service of civil process while attending the trial of his case.

Argued January 8th—decided February 23d, 1925.

ACTION to recover damages for personal injuries alleged to have resulted from the negligent operation of an automobile, brought to the Superior Court in Hartford County where the plaintiff's demurrer to the defendant Hausaman's plea in abatement was overruled (*Wolfe, J.*), and from the judgment sustaining said plea (*Jennings, J.*) the plaintiff appealed. *Error, judgment set aside, and cause remanded to be proceeded with according to law.*

*Arthur T. Keefe,* for the appellant (plaintiff).

*Ralph O. Wells,* for the appellee (defendant Hausaman).

KEELER, J.   The defendant Hausaman, a resident of New Jersey, was arrested for violation of the motor vehicle law and arraigned before a justice of the peace in East Windsor, when he gave bail for his appearance and returned to New Jersey, and on July 26th, 1924, came to Connecticut solely for the purpose of making his defense to the charge.   While so attending court as an accused party defendant, he was served with process in the present action by delivery to him of a true and attested copy of the writ and complaint therein.   He plead to the jurisdiction, claiming to be exempt from the service of civil process.   Plaintiff demurred to the plea, and the demurrer was overruled and judgment thereon rendered for defendant, sustaining the plea.   Plaintiff's appeal raises as the only question involved, the correctness of this judgment.

The protection of nonresident parties and witnesses from service of process in civil actions while in attendance at the trial of an action has always been liberally extended at common law in the various States of the United States.   There has been some variation as between plaintiffs on one hand and defendants and witnesses on the other, but in general it may be said that this protection has been extended to parties and witnesses.   In some States this privilege is upheld, largely as necessary to the full and adequate exercise of jurisdiction by the court; in others for the reason that primarily it is the privilege of the citizen conferred for his just protection in order that in consequence of the performance of a duty or by submission to process he shall not be subject to injury and oppression.   If the view first stated is stressed in decision, the exemption is usually carried to its greatest extent; if the latter view controls, more or less limitation is apt to ensue.   All of this relates to a person concerned in any way as a party in civil actions.

The question involved in the instant case, where the exemption is sought with respect to the attendance of a nonresident defendant appearing for trial in a criminal case, has been variously decided, depending largely upon the view taken by any given court upon the extent and value of the analogy to rules prevailing in civil procedure. The decisions upon this question are conflicting; the earlier inclining to apply with great liberality the most comprehensive expression of exemption prevailing in civil proceedings, while later views, derived from a more thorough consideration of the principles underlying rules of exemption in a series of cases, have tended to produce a more narrow and restricted rule.

A leading case in the group last mentioned is that of *Netograph Mfg. Co.* v. *Scrugham* (1910) 197 N. Y. 377, 380, 90 N. E. 962. The circumstances in this case are on all fours with those in the instant case. A person arrested on a criminal charge gave bail and afterward returned for trial. At a day after the conclusion thereof by a verdict in his favor, he was served with civil process, which was set aside by the court on the ground of the privilege of the defendant from service, while attending his trial on a criminal charge. The Court of Appeals on reviewing the matter, reversed the action of the lower court and held the defendant liable to service of civil process on the facts appearing as above. The court in its opinion—after observing that it had always been the policy of the common law, in furtherance of the due administration of justice, to assert the freedom of parties and witnesses from the liability to public and private prosecution while engaged in the trial of an action, not only as a personal privilege to such persons, but a privilege of the court—continues: "It is not only not a natural right but it is in derogation of the

common natural right which every creditor has to collect his debt by subjecting his debtor to due process of law in any jurisdiction where he may find him. The privilege should, therefore, not be extended beyond the reason of the rule upon which it is founded. Since the obvious reason of the rule is to encourage voluntary attendance upon courts and to expedite the administration of justice, that reason fails when a suitor or witness is brought into the jurisdiction of a court while under arrest or other compulsion of law. Such a suitor or witness does nothing to encourage or promote voluntary submission to judicial proceedings. He comes because he cannot do otherwise. That seems to be the basis for the exception to the general rule of privilege which is illustrated in cases where persons are brought into the jurisdiction of a court under extradition from other states or foreign countries. (*Williams* v. *Bacon,* 10 Wend. 636; *Slade* v. *Joseph,* 5 Daly, 187; *Adriance* v. *Lagrave,* 59 N. Y. 110; *People ex rel. Post* v. *Cross,* 135 N. Y. 536, 32 N. E. 246.) The privilege is held not to exist in such cases. From time immemorial it has been the law that persons actually in custody under criminal process are not exempt from service of process in civil suits. . . .

"This brings us to the concrete question whether there is any difference, so far as this question of privilege is concerned, between a person actually in custody and one who is at large under bail. The question is not free from difficulty, but we incline to the view that a person who is charged with or convicted of crime and is at large on bail, is constructively in the custody of the law. He is not in actual confinement, it is true, but he is in the custody of his bondsmen, who, by giving bail for him, have been constituted his jailors. 'When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a con-

tinuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent. They may pursue him into another state; may arrest him on the Sabbath; and, if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner.' (*Taylor* v. *Taintor*, 83 U. S. [16 Wall.] 366, 371) . . .

"This concise and authoritative exposition of the law of bail leaves little to be said as to the status of a principal under a criminal bail bond. For many of the practical affairs of life he is as much at liberty as though he were not charged with crime. For the purpose of answering the charge, however, he is constructively in the custody of the law. His bailors have the right and power at any moment to become his jailors for the purpose of placing him in actual confinement. Under such circumstances he cannot be said to be free to come at will, and when he submits himself to the directions of the courts having cognizance of the charge against him, he does not act voluntarily, but under compulsion of law. We are aware that this view is apparently at variance with some decisions in other jurisdictions, notably in England, but we think the administration of justice will be best subserved by keeping the rule of privilege within the reason upon which it rests. That reason fails unless the person claiming the privilege is a free moral agent who may come into or depart from the jurisdiction or not as he pleases. Despite the just tendency of courts to extend the rule so far as possible, it must not be carried to the extent of wholly preventing creditors from pursuing their ordinary civil remedies against debtors, and particularly when the

Ryan *v.* Ebecke.

latter involve no restraint of the debtor's person." See also *In re Henderson,* 27 N. D. 155, 145 N. W. 574, where, in a case exhaustively reasoned, the same conclusion is reached.

To extend to persons under bail who attend court to be tried on criminal charges, the rule exempting parties and witnesses attending trial of a civil action, is properly said, in the extract just stated, to carry the rule beyond the reasoning upon which it is based.   As a party or witness he could not be compelled to attend in a civil case, or to submit to the jurisdiction in which he attends.   He comes voluntarily, either to aid others as a witness, or to submit his own interests for decision. For this reason the common-law privilege of exemption from service of process is extended to him by reasons of public policy.   In a criminal case he aids the administration of justice in no way.   Where custody of his person is obtained by arrest within the jurisdiction or through extradition, he is there to answer for a crime. He is in the State against his will.   If kept within the State in an original arrest there, he is subject to the service of civil process; likewise if he is extradited and held in custody.   If he gives bail and remains in the State, the same result follows.   So we have the cases of an arrested resident, whether with or without bail, of an arrested nonresident who gives bail and remains in the State, of an extradited accused in custody, all subject to civil process, and only an arrested or extradited nonresident out on bail favored with the exemption. The reasoning of those cases which allow the exemption seems largely to apply to him the character of a witness, but this reason seems fallacious, since he would be obliged to attend (unless he forfeited his bail) whether or not he intended to testify as a witness.   In most of the jurisdictions in which the exemption allowed by the trial judge in the instant case is sustained,

it is justified by the fact that the accused defendant is to become a witness for himself. But this reasoning would equally apply to an extradited defendant, yet it has been quite uniformly held that such a person is not exempt from service of civil process. The other ground for granting the immunity is that it makes for the due administration of justice to have all obtainable parties present, and their presence should be encouraged. This is merely an extension of the reasons underlying the liberal rule in civil cases, and when applied to criminal cases, apparently for the sake of having a uniform and comprehensive reason, neglects certain obvious distinctions. In a comparatively early and a leading case, *Moore* v. *Green*, 73 N. Car. 394, the court states the obvious and primary distinction: "That parties in civil actions appear in court voluntarily, and should be encouraged to appear, by immunity from arrest; whereas defendants in criminal actions appear involuntarily, and need not be encouraged." A glance at the factors concerned in a criminal arrest, would seem to leave little for support in the ideas of encouragement to attend, as fully and lucidly considered in the case above referred to. A criminal is arrested to secure his custody and to keep him to respond to sentence if convicted, not to furnish an incentive for his appearance in court. Presumably the prosecuting authority has a case against him, although in law he is presumed innocent, and while an ill-advised accused person may, and often does, render material assistance to the prosecution by his voluntary and permitted testimony, that item can hardly enter as a serious factor in estimating the value of his presence to the due administration of justice.

As to the point under consideration, the inferior Federal courts have uniformly held that the same exemption should be accorded criminal defendants that are

accorded defendants in civil cases. The Supreme Court of the United States has never passed upon the point, but accords the fullest measure of exemption in civil cases to parties and witnesses. *Stewart* v. *Ramsay,* 242 U. S. 128, 37 Sup. Ct. 44.

Aside from the Federal cases there is lack of agreement in decisions of the State courts. The rule giving no exemption is upheld in the following cases, in addition to those cited above: *White* v. *Underwood,* 125 N. Car. 25, 34 S. E. 104; *Scott* v. *Curtis,* 27 Vt. 762; *Lucas* v. *Albee,* 1 Denio (N. Y.) 566; *Wood* v. *Boyle,* 177 Pa. St. 620, 35 Atl. 853; *Morris* v. *Dowell,* (Mo.) 205 S. W. Rep. 229. There are cases from other States which hold otherwise. Text-writers are also at variance. In 5 Corpus Juris, p. 466, it is stated that "the general rule is that a person is not privileged from arrest in a civil action . . . while attending or returning from his trial on a criminal charge, although the contrary has been held."

Ruling Case Law (Vol. 21, p. 1313) reverses the comparative value of the contending rules, and says that, as to criminal nonresident defendants, "the general rule seems to be that they are exempt from the service of civil process while coming into the jurisdiction, while necessarily in attendance on the court, and while returning to their place of residence" without unnecessary delay; but adds: "There are a number of cases, however, which hold that the reason for the exemption of parties and witnesses voluntarily attending court in a foreign state, from service of civil process, does not apply to parties arrested in criminal proceedings, and that service of process is proper in such cases"; and then goes on to state the reasons more fully elaborated in the citations above made.

Passing to cases in our own reports, we note that in *Bishop* v. *Vose,* 27 Conn. 1, we held that a nonresident

plaintiff attending at the trial of his civil action, was not immune from service of civil process. The court held that Vose was here as a plaintiff in another action, was found in the State by reason of his entirely voluntary presence in the pursuit of his rights, and could be entitled to no greater rights or immunities than such as are enjoyed by our own citizens. The decision stresses the voluntariness of his presence in the State. In *Chittenden* v. *Carter,* 82 Conn. 585, 74 Atl. 884, we held that a witness present at the trial of a civil action, was exempt from service of civil process, for reasons of public policy and in accordance with a "very great weight of authority, and rests upon sound principles." This case does not overrule the decision in *Bishop* v. *Vose, supra,* but calls attention to the distinction made in the latter case between a witness and a party plaintiff, made in that case, with which the court apparently agrees. Whether this distinction be sound or not we may not now consider. *Wilson Sewing Machine Co.* v. *Wilson,* 51 Conn. 595, was a case in the United States Circuit Court, sitting in this State, wherein it was decided that a nonresident, attending in this State upon the trial of an action in which he was defendant, was not subject to service of civil process. The opinion expressly states that the decision is confined to the case of a defendant, and is not to be considered as in conflict with *Bishop* v. *Vose, supra,* since there may be "a reason why a plaintiff who has voluntarily sought the aid and protection of our courts, should not shrink from being subject to their control, which does not apply to a defendant, whose attendance is compulsory."

From none of these three decisions do we get any rule determinant of the instant case. The two decisions last noted are in accord with the great preponderance of authority, and founded upon weighty considerations of public policy. The facts considered in

Ryan *v.* Ebecke.

*Bishop* v. *Vose, supra,* are so far removed from those existing in the instant case as to render the decision of little application, beyond the fact that its reasoning shows a disposition to restrict immunity to situations where it is demanded by public policy.    We can see nothing in these decisions which points the way to sustaining the claims of the appellee, for the reasons before stated while considering the matter in connection with the authorities in general.  In considering the case of a defendant in a criminal case, we get no analogy with a plaintiff in a civil case; as regards witnesses, their immunity in criminal prosecutions stands upon the same broad ground of public policy as obtains in civil litigation.   The analogy of the situation of a criminal defendant with a civil defendant, for the reasons above stated, seems to us to fail altogether, and we can appreciate no reasons of policy justifying placing a nonresident accused in a better position as regards immunity than one of our own citizens.   We therefore are unable to sustain the decision of the Superior Court.

There is error, and the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred, except KELLOGG, J., who died after the cause was argued and before its decision.