Arthur L. Conaty,
   Receiver
      vs.                    } Law No. 88451.
Irving Pollay, alias

April 22, 1932.

CHURCHILL, J. Heard on demurrer to a plea in abatement.

The essential facts set forth in the plea are that the defendant was a resident of Boston, Mass., that on December 29, 1931, he was indicted by a Grand Jury sitting for the County of Providence; that on February 23, 1932, he entered Rhode Island for the sole purpose of pleading to the indictment and went to the Superior Court in pursuance of such purpose; that while in Providence he was served with a writ of summons in this case, and that while in Rhode Island he transacted no other business than pleading to the indictment.

The demurrer raises the point whether the defendant enjoys immunity from such civil process.

That every person found within the State, however transiently he may be therein, is subject to the process of its Courts is a fundamental concept of jurisdiction.

Fisher, Brown & Co. vs. Fielding, 67 Conn. 91, at 104, (opinion by Baldwin, J.)

There are well known exceptions to the principle, such as the immunity of a witness from abroad but the tendency of our decisions has been rather to narrow than extend the scope of the exceptions.

Baldwin vs. Emerson, 16 R. I. 304; Ellis vs. D'Garmo, 17 R. I. 715.

The precise question involved here has not been answered by the Supreme Court of this State. In other jurisdictions the authorities are in conflict on the question.

It is stated that a majority of the decisions support exemption from civil process under such circumstances.

50 C. J. 586.

The underlying reasons as given by the authorities supporting the exemption are that the privilege promotes the purposes of justice in that it tends to assure the attendance of non-residents and prevents the course of justice from being obstructed.

Fuester vs. Redshaw, 145 Atl. 560 (Md. 1929);
Dwelle vs. Allen, 193 Fed. 546 (D. C. of S. D. of N. Y. 1912).

Some of the Federal cases apparently are influenced by the consideration that to serve such process on a person indicted in a Federal Court under such circumstances is an invasion of the province of that Court.

Benesch vs. Foss, 31 Fed. (2nd) 118.

Authorities supporting the position that no such privilege exists are summed up in the recent case of Ryan vs. Ebecke, 128 Atl. 14 (Ct. 1925).

This case points out the obvious distinction between the situation of a witness coming into the State to testify and of an indicted non-resident coming into the State to plead to an indictment, and further says: "We can ap-

preciate no reason of public policy justifying placing a non-resident accused in a better position as regards immunity than one of our own citizens."

To say that the mere service of a writ of summons in a civil case on a non-resident defendant coming into the State to plead to an indictment would obstruct the administration of justice or substantially reduce the chance that indicted persons will voluntarily come into the State seems a rather fanciful reason on which to base a rule of· exemption.

   *Baldwin* vs. *Emerson*, 16 R. I. 304;
   *Ellis* vs. *D'Garmo*, 17 R. I. 715.

The cases of which *Ryan* vs. *Ebecke*, 128 Atl. 14, is an example are better founded in reason.

The demurrer to the plea in abatement is sustained.

For plaintiff: Isadore Horenstein, W. W. Blodgett.

For defendant: Pettine, Godfrey & Cambio.