## I. LEON HUNT
*vs.*
## LEONARD H. DAVIDOW

Superior Court          Fairfield County          File No. 63455

MEMORANDUM FILED MARCH 16, 1942.

*Pullman & Comley*, of Bridgeport, and *Harry R. Sherwood*, of Westport, for the Plaintiff.

*Spelke & Zone*, of Stamford, and *Richard F. Corkey*, and *Goldstein & Brody*, of Bridgeport, for the Defendant.

CORNELL, J. Certain of the allegations of the third count lend themselves to an intimation that the cause of action purposed to be stated therein is one in the nature of a creditor's bill in which it is sought to subject property in reality owned

by defendant, but standing in the name of the described corporation, or its successors to the payment of a claim held by plaintiff; others, especially when read in conjunction with certain of the prayers for relief, seem to indicate a design to set aside certain conveyances as fraudulent to the plaintiff as a creditor of the transferor.

There is nothing fraudulent in conveying one's property to another, even without, or upon an inadequate, consideration, or holding it in the name of another person, as between the immediate parties to such transaction. In order to state a cause of action a third person—such as the plaintiff here—must allege such a relationship to the conveyor or the person for whom another holds property, as shows that he is injuriously affected thereby.

Apparently, the third count conceives that the plaintiff is so aggrieved because he is a creditor of the defendant, but it does not say so. The nearest it approaches such a statement is an allegation in the fourth paragraph where it is said that defendant's conduct "....deprived the plaintiff of the remedies that he would otherwise have for the collection of his just debt", which, of course, is not the equivalent of a description of a specific claim and is without detail indicative of whether the situation otherwise described is fraudulent as to him or by reason of which he would be entitled to have the property in question subjected to the payment of any debt which the plaintiff may have. If this were an inference or conclusion from other facts descriptive of plaintiff's standing as a creditor it would hardly be admitted for the purpose of demurrer (*Chittenden vs. Carter*, 82 Conn. 585, 590, 591), in the complete absence of such facts, the resulting vacuity is doubly fatal.

This insufficiency is reached by that part of paragraph 4 which reads: "....or that a state of facts obtained which enables plaintiff to set aside the conveyance referred to in the complaint even though he was not a creditor.", In view of the equivocal character of the allegations, otherwise, the other reasons of demurrer need not be considered. The fact that the complaint of the intervening plaintiff, The Westport Bank & Trust Company, supplies the deficiency—if it does—does not cure the defect. The complaint to which the demurrer is addressed must stand or fall upon its own strength or weakness and each count therein—as a purported state-

ment of a cause or causes of action—upon its own merits. The portion of the demurrer quoted verges on the general but is sufficient to lay its finger upon a vital deficiency. It was not necessary for the defendant to negative every conceivable situation in the light of which the weakness of the count would be revealed.

Demurrer sustained on the fourth ground thereof; overruled on the others.