[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ORDER FOR GRANTING IMMUNITY FROM SERVICE OFPROCESS
In this case the defendant Cigna Insurance Company wishes to have a witness from out of state come to this state to testify in a trial due to begin next week. That witness and the plaintiff apparently have had a history of legal disputes and in fact the plaintiff represents that he has secured a judgment on a matter not directly related to this case against this witness.
The defendant seeks an "order granting immunity from service of civil process to Roger Dunham (the witness) while testifying in this case."
The prospective out-of-state witness is reluctant to come to our state to testify because he fears he will be served with civil process by the plaintiff.
There is no doubt that Connecticut follows the general rule that a witness is immune from service of process in one suit while in attendance at the conduct of another suit. There is no doubt that Connecticut follows the general rule, Chittenden v. Carter, 82 Conn. 585, 588
(1909), Ryan v. Ebecke, 102 Conn. 12, 20 (1925), Murphy v.Dantowitz, 142 Conn. 320, 328 (1955).
Whether our state recognizes the immunity has nothing to do with whether on the facts of this case the court should or even has the power to actually issue an order, prior to actual service of any process, to any person or party to not serve process on a prospective witness when such a witness in fact comes into the state.
The basis of the privilege is the court's convenience CT Page 446 so that justice can be administered and so that proceedings before a court in a particular case before the court won't be threatened or interfered with by the service of process in another case.
Because the doctrine was developed for this reason it's been held that the privilege is not automatic and a party has to show the court that it's in the court's own interest to quash any service of process. RepublicProductions Inc. v. American Federation of Musicians, 173 330, 333 (S.D.N.Y. 1959). Service of process is voidable not void, a witness serviced with process under the case law has to appear in court and move to quash the process or dismiss it, Thornton v. American Writing Machine Co.,9 S.E. 679, 680 (Ga 1889), Northwestern Casualty Surety Co. v.Conaway, 230 N.W. 548, 549 (IA., 1930). Cf Chittenden v.Carter, supra, where witness who was served with process filed a demurrer to the action. Also see Murphy v.Dantowitz, supra, where on plea in abatement court held that personal service on a witness served while in our state to testify in another case was improper.
None of the authorities the court has been able, in this short time, to look at would justify a pre-emptive order against any prospective person or party ordering that that party not serve process when the prospective witness does in fact come to court.
If any process so served is voidable not void, common sense would seem to dictate this result. But why is such process voidable and not void? The reason seems to be that granting such immunity does in fact impose real limits on the rights of citizens to have access to our courts. Therefore, the scope of the immunity has been limited. It's been held that the immunity only lasts while such a witness is in the state to actually participate as a witness, Atkinson v. Jory, 292 F.2d 169, 171 (CA 10, Kan.). A witness needn't take the most direct route to the courthouse or leave immediately after trial but such a nonresident witness must act in good faith and any delay in leaving the state or activities such a witness engages in can't be for the purpose of transacting private business having nothing to do with the case before the court to which the witness was called to testify, cf Application ofRobinson, 240 N.Y.S.2d 82, 86 (1963), Turner v. Randall etCT Page 447al., 159 N.W. 958 (Minn, 1916), Linton v. Cooper, 74 N.W. 842,843 (Neb 1898), also see Republic Productions Inc. v.American Federation of Musicians, supra, pp. 333-334.
The point of the cases is that a rule set up for the court's convenience which does restrict the ordinary right a citizen has to bring suit cannot be abused but must be confined to the limited purpose for which it was created to allow an out-of-state witness to come to our court to testify in a particular proceeding. That's why the cases have held, it seems to me, that if in fact process is served on such a witness once he or she does in fact enter the state it shouldn't be automatically dismissed. The party who served the process should be able to say this witness isn't entitled to the protections the rule was created for because of the actions he took while in this state and his or her delay in leaving which had nothing to do with his or her being a witness in another case.
All the more reason to not issue any prospective order. The defendant now wants to have the court order that a non-resident witness not be served while the witness is in our state to testify in a case. The fair application of the rule would be impossible to enforce. Should the party against whom the order is issued have the right to come into court after the witness has arrived and before he's left saying he's been dawdling around too long in our fair state judge, left the order — he's visited his immediate family but now he's calling on distant cousins? Would an unseemly race to the courthouse be encouraged? A witness given this protection might abuse the purposes of the privilege but then when he knows he's discovered and someone runs to the court to get the order of immunity lifted the witness would head for the nearest border. Should the court issue complicated preliminary orders instructing such a prospective witness how long before trial he can come, how long he can stay, who he can contact while here, etc.?
The problems created by the issuance of the order the defendant requests raise these concerns because of the need to weigh the limited purpose of the privilege against the need for the court to be sensitive to the rights of our citizens to have access to their courts. CT Page 448
A fair balancing of those interest makes it impossible for the court to issue the order requested here and the motion is denied.