[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
The parties to the above-captioned case obtained a final judgment of dissolution of marriage, in the state of Florida, on June 6, 1984. According to the property settlement agreement incorporated into the parties' divorce decree, the defendant was to pay $30.00 per week to the plaintiff for the support and maintenance of Alexander Jakaboski, the minor child of the parties, during his minority. Said payments were to continue until said minor child either attained the age of majority, became emancipated, became self-supporting, or died. Further, the defendant was to be responsible for all medical and dental expenses incurred by the parties' minor child. Alexander, the parties' minor child, died on November 27, 1994.
Thereafter, both the plaintiff and the defendant presented the Court of Probate, District of Middletown, Connecticut, with Applications for Administration of the Estate of Alexander A. Jakaboski. Both applications were denied by the Honorable Joseph D. Marino, Judge of Probate, District of Middletown, in a memorandum of decision dated February 14, 1995.
Prior to the hearing on the applications, and outside the confines of the Probate Court, the defendant was served with a Motion for Contempt. According to said motion, which was filed with this court on January 30, 1995, the defendant has failed to comply with the support order entered in Florida in 1984, in that he has failed to make any child support payments to the plaintiff from the date of the original judgment until the death of the minor child, and has failed to pay for the medical and dental expenses of the minor child.
On February 24, 1995, the defendant, who has not yet filed an appearance in this matter, faxed this court a memo requesting that the plaintiff's motion for contempt be dismissed.[1] In support thereof, the defendant argues that this court lacks jurisdiction over him because he was a resident of the state of Texas at the time he was served, and was only present in the CT Page 2431 state of Connecticut for the purpose of serving as a witness in the probate court hearing regarding the aforementioned applications for administration of the estate of his son. That is, the defendant argues that the court lacks jurisdiction over him because he is "immune from service."
In response, the plaintiff filed a memorandum of law objecting to the defendant's motion to dismiss, as well as an affidavit of the plaintiff, on February 28, 1995. Therein, the plaintiff argues that the court should not find the defendant immune from service of process, because at the time he was served the defendant was in the state of Connecticut as a petitioner and, as such, did not enjoy any immunity whatsoever from appropriate service of process.
It is true, as the defendant points out, that nonresident individuals in our state for the purpose of serving as witnesses in legal proceedings are immune from service of civil process.Chittenden v. Carter, 82 Conn. 585, 591, 74 A. 884 (1909). This is true, moreover, even where said individual has some interest in the success of the suit to which he is serving as a witness. Id. Further, it has been held by the United States Circuit Court, sitting in the state of Connecticut, that nonresident individuals attending in our state upon the trials of actions in which they are defendants are also immune from service of civil process.Wilson Sewing Machine Co. v. Wilson, 51 Conn. 595, 597-98 (1884).
Nonresident plaintiffs attending at the trials of their civil actions in this state, however, are not immune from service of civil process. Bishop v. Vose, 27 Conn. 1, 13 (1858), cited inWilson Sewing Machine Co. v. Wilson, supra, 51 Conn. 597-98;Chittenden v. Carter, supra, 82 Conn. 588-89; Ryan v. Ebecke,102 Conn. 12, 19-20, 128 A. 14 (1925). Stressing the fact that Vose's presence in the state at the time of service was entirely voluntary, the court in Bishop v. Vose, supra, found that, as a plaintiff in pursuit of his rights in another action, Vose could be entitled to no greater rights or immunities than such as are enjoyed by our own citizens. Bishop v. Vose, supra, 27 Conn. 11-12.
The holding of Bishop v. Vose, supra, remains the law in Connecticut today. Accordingly, whether or not the defendant in the present action was clothed with immunity from service of process depends upon whether he was a plaintiff in the proceeding in the Court of Probate at the time he was served with civil process. "The status denoted by the term `plaintiff' does not CT Page 2432 admit of rigid definition." Tierney v. Tierney, 12 Conn. Sup. 91,94 (Super.Ct. 1943). The Sixth Edition of Black's Law Dictionary defines the term plaintiff, inter alia, as "[a] person who brings an action." Similarly, a petitioner is defined, inter alia, as "[o]ne who presents a petition to a court" or "one who starts an equity proceeding."
 The significance in which the term "plaintiff" is to be understood in the relation with which concern is had here is in the person's connection as an initiator of a judicial proceeding, for it is by reason of the existence of a proceeding of that character, only, that immunity is conferred in any case; that is, as the invocator of the processes of the law to vindicate or establish a right or to seek the protection of the courts in pursuit of a remedy; as the one who puts the machinery of the law in motion. Necessarily, this conception of a plaintiff comprehends a person possessing volition and acting accordingly.
(Citations omitted.) Tierney v. Tierney, supra, 12 Conn. Sup. 95.
In the present case, the defendant filed an application with the Court of Probate, District of Middletown, seeking to be named the administrator of Alexander Jakaboski's estate. While in the state of Connecticut pursuing this application, and pursuing his rights incident thereto, the defendant was served with civil process in this action. The defendant, at the time of service, was not here involuntarily nor by virtue of service of process; rather, he was here on his own volition, seeking to further his own personal interests within the legal system in and for the state of Connecticut. "There is, perhaps, a reason why a plaintiff who has voluntarily sought the aid and protection of our courts should not shrink from being subjected to their control . . . ." Wilson Sewing Machine Co. v. Wilson, supra,51 Conn. 597, quoted in Ryan v. Ebecke, supra, 102 Conn. 20.
The court finds that the defendant, at the time of service of process, was a "plaintiff" or "petitioner" to the action pending in the Court of Probate, District of Middletown, Connecticut. Accordingly, the defendant was entitled to no greater rights or immunities than such as are enjoyed by our own citizens. Bishopv. Vose, supra, 27 Conn. 11-12. For this reason, the service of process made upon the defendant was proper, and the defendant's request that this action be dismissed is denied. CT Page 2433
The plaintiff has filed an affidavit, dated February 27 1995, attesting that, as of the date of the death of the parties' child, the total indebtedness for child support and medical expenses relating solely to the child are $33,520.00, and that the defendant has not paid any sums whatsoever toward child support or medical expenses from and after the date of the parties' dissolution. The court, however, declines to rule upon the plaintiff's motion for contempt at this juncture. A contempt proceeding is not one of the types of matters which the court can decide "on the papers" without the appearance of counsel. Practice Book § 211(a). Moreover, as recognized by the supreme court in a recent case:
 Due process of law requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. Because the inability of the defendant to obey an order of the court, without fault on his part, is a good defense to a charge of contempt, the plaintiff had the right to demonstrate that his failure to comply with the order of the trial court was excusable. When the conduct underlying the alleged contempt does not occur in the presence of the court, a contempt finding must be established by sufficient proof that is premised upon contempt evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases.
(Citations omitted; internal quotation marks omitted.) Bryant v.Bryant, 228 Conn. 630, 637, 637 A.2d 1111 (1994). Accordingly, the court declines to rule on the plaintiff's motion for contempt until after an evidentiary hearing has been held.
The court hereby orders that an evidentiary hearing regarding the plaintiff's motion for contempt shall be held on Monday, April 17, 1995, at 10:00 am. Counsel for the plaintiff is directed to make every reasonable effort to notify the defendant of the date and time of said hearing.