THOMAS J. WEIHING *v.* RONALD W.
DODSWORTH ET AL.
(AC 27039)

Schaller, McLachlan and Pellegrino, Js.

Argued December 6, 2006—officially released March 13, 2007

*John T. Bochanis,* for the appellant (plaintiff).

*Keith P. Sturges,* with whom, on the brief, was *Dennis M. Laccavole,* for the appellee (named defendant).

*Opinion*

SCHALLER, J. The plaintiff, Thomas J. Weihing, appeals from the judgment of the trial court granting the motion of the defendant Ronald W. Dodsworth to dismiss the complaint for improper service.[1] On appeal, the plaintiff claims that the court improperly concluded that (1) the defendant was immune from service of process and (2) he was not entitled to an evidentiary hearing. We disagree and affirm the judgment of the trial court.

The following procedural history and allegations set forth in the plaintiff's complaint are relevant to our discussion. The defendant previously had commenced a civil action against the plaintiff that alleged wrongful termination of employment. The defendant withdrew his action against the plaintiff on or about September 17, 2004. The plaintiff commenced the present action on

---

[1] The plaintiff's complaint also was directed at Enrico Vaccaro, Dodsworth's attorney. Vaccaro is not a party to this appeal. We therefore refer to Dodsworth as the defendant in this opinion.

July 8, 2005, and set forth claims for vexatious litigation, intentional and negligent infliction of emotional distress, and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

On September 1, 2005, the defendant filed a motion to dismiss the complaint, pursuant to Practice Book §§ 10-31 (a) (2) and (5), due to the court's lack of personal jurisdiction as a result of the insufficiency of service of process. In support of his motion, the defendant submitted an affidavit stating that: (1) on July 8, 2005, his permanent residence was in the state of Colorado, and he had been a resident of Colorado for more than three years; (2) on July 8, 2005, his sole purpose for being in Connecticut was to testify in an arbitration proceeding that was based on a different and separate case filed by the plaintiff against the defendant; (3) he was in Connecticut for approximately thirty hours and left the state at the completion of his testimony; and (4) at the time he was served with the summons and complaint, he owned no property in Connecticut, maintained no residence in Connecticut and was not employed in Connecticut.

The plaintiff filed an objection to the defendant's motion to dismiss, and, in the alternative, filed a request for an extension of time to conduct discovery and have an evidentiary hearing concerning the issues raised by the defendant. On September 19, 2005, the court held a hearing on the defendant's motion. On October 7, 2005, the court issued a memorandum of decision dismissing the plaintiff's complaint, and denying the request for an extension of time for further discovery and an evidentiary hearing. The court concluded that the defendant was entitled to immunity from service of process because he was a nonresident of Connecticut and had been in the state for the sole purpose of providing testimony at a legal proceeding. The court determined that the record indicated that the defendant was

testifying in an arbitration hearing that was based on a previous action commenced by the plaintiff and therefore was in the posture of a "defendant."[2] The court further concluded that the plaintiff failed to allege any facts in dispute that would require further discovery or an evidentiary hearing. This appeal followed. Additional facts will be set forth as necessary.

We begin our analysis by setting forth the applicable standard of review. "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *South Sea Co.* v. *Global Turbine Component Technologies, LLC*, 95 Conn. App. 742, 744, 899 A.2d 642 (2006); see also *Cox* v. *Aiken*, 278 Conn. 205, 210–11, 897 A.2d 71 (2006); *Alter & Associates, LLC* v. *Lantz*, 90 Conn. App. 15, 19, 876 A.2d 1204 (2005). Because a challenge to the jurisdiction of the court presents a question of law, our review of the court's legal conclusion is plenary. *Foster* v. *Smith*, 91 Conn. App. 528, 536, 881 A.2d 497 (2005).

---

[2] The court acknowledged that no Connecticut court has considered the question of whether testifying in an arbitration proceeding was the equivalent of a judicial proceeding for the purposes of the nonresident witness immunity rule. The court concluded that there "was no reason to distinguish an arbitration proceeding such as the one in this case from a judicial proceeding for purposes of applying the nonresident witness immunity rule." The court also stated that both New York and Florida courts have extended this rule to arbitration proceedings. See, e.g., *Lee* v. *Stevens of Florida, Inc.*, 578 So. 2d 867, 868 (Fla. App. 1991); *Treadway Inns Corp.* v. *Chase*, 47 Misc. 2d 937, 940, 263 N.Y.S.2d 551 (1965). The plaintiff has not challenged the court's conclusion on appeal, and therefore we will not consider the issue. We simply assume, without deciding, that an arbitration proceeding is the same as a judicial proceeding for the purpose of the nonresident immunity rule.

We now set forth the legal principles that guide the resolution of the plaintiff's appeal. "It . . . is the law that the plaintiff has the burden to prove facts pertaining to personal jurisdiction." *Doctor's Associates, Inc.* v. *Keating*, 72 Conn. App. 310, 313, 805 A.2d 120 (2002), aff'd, 266 Conn. 851, 836 A.2d 412 (2003). Further, we note that "[t]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Internal quotation marks omitted.) *Foster* v. *Smith*, supra, 91 Conn. App. 536; see also *Bove* v. *Bove*, 93 Conn. App. 76, 81, 888 A.2d 123, cert. denied, 277 Conn. 919, 895 A.2d 788 (2006). Guided by these general principles, we turn to the plaintiff's specific claims.

I

The plaintiff first claims that the court improperly concluded that the defendant was immune from service of process.[3] Specifically, he argues that because the defendant previously had commenced a civil action against the plaintiff for wrongful termination of employment, "the court's jurisdiction over the defendant continues with respect to any actions arising out of the wrongful termination suit."[4] We are not persuaded.

---

[3] "Proper service of process is not some mere technicality. Proper service of process gives a court power to render a judgment which will satisfy due process under the 14th amendment of the federal constitution and equivalent provisions of the Connecticut constitution and which will be entitled to recognition under the full faith and credit clause of the federal constitution." (Internal quotation marks omitted.) *Hibner* v. *Bruening*, 78 Conn. App. 456, 458, 828 A.2d 150 (2003).

[4] The plaintiff also argues that even if the court did not have "continuing jurisdiction" over the defendant, General Statutes § 52-59b, this state's long-arm statute, "is sufficient for personal jurisdiction based upon the defendant's minimum contacts with this [s]tate." This argument appears to confuse the separate and distinct issues of proper service with whether the exercise of jurisdiction on the basis of minimum contacts with the state of Connecticut would not offend traditional notions of fair play and justice. The issue raised by the defendant's motion to dismiss is whether he was served prop-

It will be helpful for our discussion to provide the background of the general rule that a nonresident attending a court proceeding as a witness is immune from the service of process with respect to a separate action. *Murphy* v. *Dantowitz*, 142 Conn. 320, 328, 114 A.2d 194 (1955); see also *Dunham* v. *Cigna Ins. Co.*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-87-334030 (January 26, 1995) (13 Conn. L. Rptr. 432); 72 C.J.S. 684–85, Process § 34 (2005). Our Supreme Court recognized this general rule in *Bishop* v. *Vose*, 27 Conn. 1, 12 (1858). In *Bishop*, the court, in holding that a nonresident who *commences* an action in Connecticut is not entitled to immunity from service of process with respect to an action initiated against him, discussed the different status of non-resident witnesses. Id., 10–13. Approximately fifty years later, in *Chittenden* v. *Carter*, 82 Conn. 585, 74 A. 884 (1909), the court explained: "The rule giving to nonresi-dent witnesses immunity from the service upon them of civil process, while going to, remaining at, and returning from courts before which they are to testify in another jurisdiction, is established both in England and in this country by a very great weight of authority, and rests upon sound principles. . . . Generally, the principles upon which these decisions regarding immunity of for-eign witnesses are based are that the due administration

---

erly so that the court could exercise jurisdiction over him. With respect to the issue of minimum contacts, the court simply noted that "[i]n applying the immunity rule to [the defendant], it is not suggested that he is not subject to Connecticut's long arm jurisdiction."

We decline to consider the plaintiff's argument regarding the defendant's minimum contacts with Connecticut. "This court will not review issues of law that are raised for the first time on appeal. . . . We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . Claims that were not distinctly raised at trial are not reviewable on appeal." (Internal quotation marks omitted.) *Matto* v. *Dermatopathology Associates of New York*, 55 Conn. App. 592, 596, 739 A.2d 1284 (1999).

of justice requires that every reasonable method of ascertaining the whole truth in matters before them should be open to our courts; that a very important one of these methods is the personal presence and oral testimony of witnesses having knowledge of the subject under investigation; that the personal attendance of foreign witnesses cannot be enforced by process, and must therefore necessarily be voluntary on their part; that liability to be sued in a foreign jurisdiction would naturally tend to deter such witnesses from attending court in such jurisdictions; and that as witnesses attending court are in a measure within the control of the court, during the trial of a cause, whatever interferes with such control and obstructs the trial affects the dignity and authority of the court itself. We think the reasons for the rule are sound . . . ." (Citations omitted.) Id., 589–90; see also *Stewart* v. *Ramsay*, 242 U.S. 128, 37 S. Ct. 44, 61 L. Ed. 192 (1916); *Ryan* v. *Ebecke*, 102 Conn. 12, 13, 128 A. 14 (1925).

Finally, we note that in *Wilson Sewing Machine Co.* v. *Wilson*, 51 Conn. 595 (1884), the United States Circuit Court for the District of Connecticut stated that the defendant, a citizen of Illinois, was in the state of Connecticut both as a defendant and a witness in his defense. Id., 596. While in the courthouse, he was served with a new complaint directed against him. The court held that the nonresident defendant was immune from such service. Id., 597. "It is important to the administration of justice that each party to a suit should have a free and untrammeled opportunity to present his case, and that non-resident defendants should not be deterred, by the fear of being harassed or burdened with new suits in a foreign state, from presenting themselves to such state to testify in their own behalf or to defend their property. The inconvenience to which plaintiffs are subjected by being compelled to sue defendants in the state of which they are citizens, is not so

great as to justify the allowance of obstructions by means of legal proceedings which will preclude nonresident suitors from giving free and unrestricted attention to their cases when they are on trial. Public policy requires that the entrance of such suitors to the court room shall not be impeded." Id.; see also *Jakaboski* v. *Jakaboski*, Superior Court, judicial district of Middlesex, Docket No. 074460 (March 7, 1995) (13 Conn. L. Rptr. 580) (immunity rule applies to nonresident defendant and not to nonresident plaintiff); *Tierney* v. *Tierney*, 12 Conn. Sup. 91, 93 (1943) (same). The trial court noted that "[t]he parties in the present case have a storied past rife with litigation. The record indicates that the current arbitration was based on a suit initiated by [the plaintiff]. Therefore, the posture of [the defendant] was as a defendant in the lawsuit that led to the arbitration proceeding." Although the defendant previously had commenced an action against the plaintiff, the plaintiff's complaint conceded that the defendant's lawsuit was concluded on or about September 17, 2004. It is undisputed that his only party status in Connecticut at the time he was served with process in the present action was that of a defendant.

The plaintiff maintains that the defendant was not immune from service of process because the court retained "continuing jurisdiction" over the defendant. As the basis of his argument, the plaintiff refers to the fact that the defendant previously commenced a civil action against the plaintiff. This argument, however, fails to account for the fact that the defendant's prior lawsuit was concluded in September, 2004, nearly one year prior to the commencement of the this lawsuit.[5] Moreover, the plaintiff has failed to provide us with any authority that supports his claim of "continuing

---

[5] We express no opinion as to whether the defendant may be subjected to service by way of General Statutes § 52-59b as a result of his previous lawsuit against the plaintiff.

jurisdiction" merely because the defendant previously had initiated a lawsuit against him in Connecticut.

The court properly concluded that, at the time the defendant was served with process, he was testifying in a separate arbitration proceeding that stemmed from a prior lawsuit commenced by the plaintiff. Accordingly, his status as a litigant in Connecticut was that of a defendant. The court correctly applied the general rule that afforded him immunity from service of process while in Connecticut for the purpose of testifying at a legal proceeding.

## II

The plaintiff next claims that the court improperly concluded that he was not entitled to an evidentiary hearing. Specifically, he argues that material facts regarding the defendant's presence in Connecticut were in dispute and, therefore, due process required that the court hold an evidentiary hearing. We disagree.[6]

"A motion to dismiss admits all facts well pleaded and *invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts.*" (Emphasis added; internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002); see also *Ferreira* v.

---

[6] The defendant contends that plaintiff failed to raise this claim before the trial court and therefore is precluded from doing so at the appellate level. Although the defendant correctly states the law, we do not agree with his statement that this issue was not raised in the trial court.

At the hearing on the defendant's motion, the plaintiff's counsel stated: "So, that, we certainly know from the docket sheet, but what we are entitled to obtain in discovery is how long, and what other contacts *and what other activities has* [*the defendant*] *conducted after the—for example, after the arbitration, where did he go, did he conduct any other type of private business after that.*" (Emphasis added.) Further, the defendant's counsel responded: "Also, with regard to the issue that counsel raises as to what [the defendant] did, I think his affidavit is pretty clear on that point; he came into Connecticut, he was here for thirty hours, he testified at an arbitration hearing and he left."

*Pringle,* 255 Conn. 330, 346–47, 766 A.2d 400 (2001) ("[w]here . . . the motion [to dismiss] is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint"); *Barde* v. *Board of Trustees,* 207 Conn. 59, 62, 539 A.2d 1000 (1988) (same). The defendant submitted an affidavit attached to his motion to dismiss. He stated that on the date of service of the summons and complaint, his permanent residence was in the state of Colorado, that his sole purpose for being in Connecticut was to testify at the arbitration proceeding, that he was in Connecticut for approximately thirty hours and that he left Connecticut after the completion of his testimony. He further indicated in his affidavit that at the time of service of process, he had not resided in Connecticut for more than three years, and that he owned no property in Connecticut, maintained no residence in Connecticut and was not employed in Connecticut. The plaintiff did not attach an affidavit to his opposition to the defendant's motion to dismiss to contradict the statements set forth in the defendant's affidavit.

Our Supreme Court has stated: "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an *opportunity is provided to present evidence and to cross-examine adverse witnesses.*" *Standard Tallow Corp.* v. *Jowdy,* 190 Conn. 48, 56, 459 A.2d 503 (1983); see also *Schaghticoke Tribal Nation* v. *Harrison,* 264 Conn. 829, 833, 826 A.2d 1102 (2003). Put another way, the due process requirement of a hearing is *required only when issues of facts are disputed. Coughlin* v. *Waterbury,* 61 Conn. App. 310, 315, 763 A.2d 1058 (2001); see also *Bellman* v. *West Hartford,* 96 Conn. App. 387, 396, 900 A.2d 82 (2006).

In the present case, after the defendant submitted his affidavit, it was incumbent on the plaintiff to dispute the facts contained therein. See *Amore* v. *Frankel*, 228 Conn. 358, 368–69, 636 A.2d 786 (1994). The plaintiff, however, never offered any evidence to contradict or to dispute the facts set forth in the defendant's affidavit. As a result, the facts detailing the defendant's presence in Connecticut, as set forth in his affidavit, were undisputed. "[A]ffidavits are insufficient to determine the facts unless . . . *they disclose that no genuine issue as to a material fact exists*. 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup.) § 108d p. S 73." (Emphasis added; internal quotation marks omitted.) *Lampasona* v. *Jacobs*, 7 Conn. App. 639, 642, 509 A.2d 1089 (1986); see also *Marchentine* v. *Brittany Farms Health Center*, 84 Conn. App. 486, 489 n.5, 854 A.2d 40 (2004).

This court has stated: "In the absence of any disputed facts pertaining to jurisdiction, a court is not obligated to hold an evidentiary hearing before dismissing an action for lack of jurisdiction." *Pinchbeck* v. *Dept. of Public Health*, 65 Conn. App. 201, 209, 782 A.2d 242, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001); see also *West Hartford* v. *Murtha Cullina, LLP*, 85 Conn. App. 15, 25, 857 A.2d 354, cert. denied, 272 Conn. 907, 863 A.2d 700 (2004); *Rosengarten* v. *Downes*, 71 Conn. App. 372, 376, 802 A.2d 170, cert. granted on other grounds, 261 Conn. 936, 806 A.2d 1066 (2002) (appeal dismissed December 31, 2002). In the present case, the facts regarding the defendant's presence in Connecticut were undisputed. Additionally, we note that during oral argument on the defendant's motion to dismiss, the plaintiff failed to identify any specific challenge to the facts set forth in the defendant's affidavit and instead merely speculated about what the defendant *may have done* while in Connecticut.[7] Under the facts and circumstances of the present case, we conclude that the plaintiff's claim that he was denied due process as a result

[7] We note that the plaintiff has stated in his brief that he "does contest the issue that the defendant was solely in this [s]tate at the time of service

of the court's failure to hold an evidentiary hearing is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

to testify as a witness based on the defendant's former connections to this [s]tate."