RICHARD WILLIAMS ET AL. *v.* ROYAL SALES COMPANY, INC., ET AL.

| SUPERIOR COURT | FAIRFIELD COUNTY AT STAMFORD | FILE NO. 17365 |
| --- | --- | --- |

Memorandum filed January 21, 1972

*Mackler & Gold,* of Stamford, for the named plaintiff.

*Maher & Maher,* of Bridgeport, for John F. Ives, intervening plaintiff.

*Cohen & Wolf*, of Bridgeport, for the named defendant and the defendants David L. Pransky and Sons.

*Goldstein & Peck*, of Bridgeport, and *Reback & Reback*, of Stamford, for the named defendant.

SADEN, J.   The named plaintiff alleges that on February 25, 1970, he purchased a pair of work gloves from Macri Food Store, a retail grocery store in Stamford.  The defendant Royal Sales Company, Inc., was the wholesaler who sold the gloves to Macri, and the defendants David L. Pransky and Sons were the wholesaler who sold the gloves to the defendant Royal Sales.   The plaintiff further alleges that all the defendants were in the business of selling and distributing such goods as were sold to him and that the gloves were dangerous for use owing to the presence of caustic chemicals in them.   He also alleges that the defendants Pransky, a Pennsylvania partnership, expected the gloves to be sold to a consumer such as the plaintiff in the same condition as they were in when the defendants Pransky supplied the product to the defendant Royal Sales and that the plaintiff suffered an injury from wearing the gloves.

Both parties involved in this motion have overlooked the fact that § 52-59a of the General Statutes has been repealed and § 52-59b has been amended.  As of the date of this action, July 21, 1971, Public Acts 1971, No. 213, amending § 52-59b, was in effect, having become law on May 21, 1971.

The Pranskys' amended plea in abatement, dated January 6, 1972, alleges the court's lack of jurisdiction because (1) the plaintiff has failed to allege sufficient jurisdictional facts; (2) the defendants Pransky are a nonresident foreign partnership; (3)

they do "not transact any business within Connecticut"; (4) they have not committed any tortious act within Connecticut; (5) they have not committed a tortious act without Connecticut causing injury to a person within the state, and they do not regularly do business or solicit business or engage in any other persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in the state or expect, or should reasonably expect, the act to have consequences in the state, and do not derive substantial revenue from interstate or international commerce; nor do they own, use, or possess any real property in the state; and (6) the sheriff's return on the original writ, summons and complaint differs from the amendment previously allowed by the court in that the only change allowed by the court was the statute number reference, whereas the sheriff's return actually inserted an additional paragraph reading as follows: "And on the 7th day of August, 1971, pursuant to Section 52-59b of the General Statutes of the State of Connecticut I deposited in the post office at Stamford, Connecticut, postage paid and registered, return receipt requested, a true and attested copy of this writ, summons and complaint, with my doings thereon endorsed, directed to David L. Pransky and Sons, 253 Market Street, Philadelphia, Pennsylvania."

Speaking of the above parenthesis (6) first, in actuality the defendants conceded in open court that the original return filed in court did contain the above-quoted paragraph so that it was not, in fact, an addition to the original return as alleged by the defendants Pransky in their plea in abatement.

As for the remaining five grounds of the defendants' plea, the parties were at issue on who has the burden of proof as to the objections raised by the

defendants. The court agreed to determine this question before requiring the parties to offer evidence on the plea itself.

The defendants Pransky, a foreign partnership, contend that the burden of proof is upon the plaintiff to establish that the court has jurisdiction as to them, citing "Products liability: in personam jurisdiction over nonresident manufacturer or seller under 'long-arm' statutes," 19 A.L.R.3d 13, 38 n.9, notwithstanding the fact that they have affirmatively pleaded the alleged jurisdictional defect, which for the most part would require evidence of facts not appearing of record.

Regardless of the rule in other jurisdictions, it is presently the rule in Connecticut that the burden of proof on affirmative allegations of facts which do not appear of record and are denied, as here, by the opposing party rests upon the pleader. *Dorr-Oliver, Inc.* v. *Willett Associates,* 153 Conn. 588, 591. We must keep in mind that a plea in abatement is not a favorite child of the law. Moreover, the trend toward broadening a state's jurisdiction over nonresidents generally under long-arm statutes based on standards of minimum (minimal) contacts as laid down by the United States Supreme Court is quite evident and irreversible. Note, 19 A.L.R.3d 13, 34.

The defendants complain that to follow such a rule and place the burden of proof upon them involves their exposure to service of process when they appear in Connecticut to testify as witnesses and parties. We disagree with this contention. Such defendants are privileged, while in attendance upon their trial, from any service of process in a civil action. *Wilson Sewing Machine Co.* v. *Wilson,* 51 Conn. 595, 597. Furthermore, if any doubt exists in the defendants' minds they can always testify by deposition.

The hearing on the defendants' plea in abatement may proceed with the burden of proof on their affirmative allegations resting on the defendants, except that the allegation appearing in paragraph 1 of the defendants' amended plea in abatement dated January 6, 1972, is overruled for its generality, and paragraph 6, addressed to the sheriff's return on the original writ, summons and complaint, is also overruled for the reasons set forth above.