[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss on the grounds that service of process upon the nonresident defendant was insufficient and that the court has no personal jurisdiction over him.
The plaintiff, Mae Bailey, a Colorado resident, filled a two-count complaint against George Mansour, a Massachusetts resident, alleging that he wrongfully converted some of her personal property and that he fraudulently represented certain facts about his use of her credit cards.
The defendant moved to dismiss the complaint on the grounds of lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, insufficient process and insufficient service of process. The defendant filed a memorandum of law and his affidavit. The plaintiff filed an opposing memorandum of law, three affidavits and a copy of a deed to realty. CT Page 5397
The defendant, a resident of Massachusetts according to his affidavit and according to the address on the plaintiff's summons, was served in hand with process on April 1, 1991, while appearing as a defendant in a suit in Connecticut involving the dissolution of his marriage. The plaintiff does not dispute the defendant's attestation.
The defendant argues, inter alia, that he was not subject to civil service of process while appearing in court to defend that suit. We agree. Nonresident civil defendants who are present in the forum state defending the civil action are not subject to service of process in another civil suit. Wilson Serving Machine Co. v. Wilson, 51 Conn. 595, 597 (C.C.D. Conn. 1884); Williams v. Royal Sales Co., 30 Conn. Sup. 16, 19 (Super.Ct. 1972); Little v. Wesley, 1 Conn. L. Rptr. 328 (Jones, J., March 2, 1990).
The defendant attests that he has been a resident of Massachusetts since July, 1990. Service of process was made on April 1, 1991. The plaintiff argues that the defendant is a Connecticut because: (1) he holds a valid Connecticut driver's license; (2) he owns property in Bloomfield; and (3) he receives, at a Connecticut address, rent proceeds collected from a Connecticut parcel of real property he used to own. Possessing a valid Connecticut driver's license, receiving mail at a Connecticut address and owning a parcel of realty in Connecticut establish contacts with Connecticut that could support long-arm jurisdiction over a nonresident. See Conn. Gen. Stat. 52-59(b). The contacts argued by the plaintiff, however, do not establish the defendant as a Connecticut resident.
In the instant case, although the court could probably exercise long-arm jurisdiction over the defendant as a nonresident, the manner in which the defendant was served is insufficient to confer upon the court personal jurisdiction over him.
Accordingly, the Motion to Dismiss is granted.
M. HENNESSEY, J.