ROBERT BURGER, JR. *v.* JOLAN FROHLICH

CIRCUIT COURT                    FIRST CIRCUIT
                    FILE No. CV 1-676-25421

Memorandum filed August 7, 1967

*Walter L. Burrows, Jr.,* of Norwalk, for the plaintiff.

*Lepofsky & Lepofsky,* of Norwalk, for the defendant.

WISE, J. The defendant, appearing specially, filed a plea in abatement "that the Court has no jurisdiction of this action because the Plaintiff failed to insert in his Writ, Summons and Complaint the last known address of the Defendant, as required by Section 868 of the Connecticut Practice Book, and for the further reason that the Sheriff's return, although indicating that service was made at the usual place of abode of the Defendant, fails to indicate where the Writ, Summons and Complaint was left, in violation of Section 52-54 of the General Statutes of the State of Connecticut as amended; and therefore she prays judgment." To this plea, the plaintiff demurred "on the grounds that the defects of service are not such that the Defendant was not given adequate notice of the commencement of this action nor did such service substantially prejudice her rights."

At the outset, it must be noted that for the purposes of this decision we are not concerned whether service was actually made at the usual place of abode of the defendant. The effect of the demurrer was to admit the allegations of the plea in abatement and to admit any facts provable under it as alleged. It is, therefore, accepted as a fact that service was made at the usual place of abode of the defendant. If this were to be challenged by the defendant, then evidence can be presented at a hearing held for that purpose. The return of the officer who served the process is only prima facie evidence

of the facts stated therein. It may be contradicted and the facts shown to be otherwise. *Cugno* v. *Kaelin,* 138 Conn. 341, 343.

The question presented is whether the defendant was properly served in the action so that the court acquired jurisdiction and could render a valid judgment against her.

As to the first ground of her plea, the defendant cites § 868 of the Practice Book, which provides in part: "All mesne process shall contain the last known addresses of all the defendants . . . ." This is a rule of the Circuit Court. Section 52-57 of the General Statutes provides for in personam service by two methods: (a) by common-law service, that is, actual manual delivery of the process to the defendant himself within the state, or (b) by abode service, sometimes termed substituted service, that is, by leaving a copy of the process at the defendant's usual place of abode within the state. Under this section, either mode of service is adequate for an in personam judgment. *Smith* v. *Smith,* 150 Conn. 15, 19; see *Clegg* v. *Bishop,* 105 Conn. 564, 572; Stephenson, Conn. Civ. Proc. § 4a. Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. Its chief purpose is to ensure actual notice to the defendant that the action is pending. *Clover* v. *Urban,* 108 Conn. 13, 16.

As to the second ground of her plea, the defendant cites Public Acts 1967, No. 91, entitled "An Act Providing for a Notation of the Address at Which a Writ of Summons Is Left," as follows: "Section 52-54 of the general statutes is repealed and the following is substituted in lieu thereof: The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested

copy thereof with him or at his usual place of abode. When service is made by leaving an attested copy at the defendant's usual place of abode, the officer making service shall note in his return the address at which such attested copy was left." This act was enacted at the January Session of the legislature in 1967 and was approved May 18, 1967. Section 2-32 of the General Statutes provides: "All public acts, except when otherwise therein specified, shall take effect on the first day of October following the session of the general assembly at which they are passed . . . ." Public Act No. 91 is a public act, and since there was no date provided when it became effective, it did not become operative until "the first day of October following the session of the general assembly." Prior to the enactment of Public Act No. 91, § 52-54 did not require the officer making service to note in his return the address at which the attested copy was left. The instant action was commenced by writ, summons and complaint dated June 1, 1967, and returnable to the Circuit Court on the third Tuesday of June, 1967. Accordingly, Public Act No. 91 is not applicable and falls as a ground for abatement.

Section 52-123 of the General Statutes provides: "Circumstantial defects not to abate pleadings. No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." The surviving claim made by the defendant involves a technical matter. The failure to set out the address of the defendant in the writ—the failure of the officer making service to note in his return the address at which he left the copy of the writ, summons and complaint need

not be considered—is embraced within the intendment of § 52-123. This statute applies to circumstantial defects attacked by pleas in abatement. The defects complained of do not prevent this cause from being "rightly understood and intended by the court." Furthermore, no injustice to the defendant is apparent, since she obviously received notice of the inception of the action. *New Haven Loan Co.* v. *Affinito,* 122 Conn. 151; *Connecticut Tool & Mfg. Co.* v. *Bowsteel Distributors, Inc.,* 24 Conn. Sup. 290, 295; *Andrews* v. *Hammond,* 1 Conn. Sup. 21. *Esten* v. *Matsen,* 2 Conn. Sup. 105, cited by the defendant, does not support her contention. The factual situation of service is distinguishable from that of the instant case and involves a different statute.

Merely as obiter dicta, the court points out that § 52-125 provides: "Amendment after plea in abatement. If any plea in abatement of any process is ruled in favor of the defendant, the plaintiff may amend the defect on paying to the defendant his costs to that time." Thus, even if the plea in abatement had merit and was sustained, the plaintiff would not be precluded from making the amendment by appropriate action. The court suggests that the plaintiff do this unless the defendant files a general appearance. The court is, however, of the opinion that the defect which is sought to be reached is a mere circumstantial defect and does not go to the jurisdiction of the court. The abode service under the circumstances conferred in personam jurisdiction over the defendant.

Pleas in abatement, generally speaking, are not favored. *Budd* v. *Meriden Electric R. Co.,* 69 Conn. 272, 283; *Brockett* v. *Fair Haven & W.R. Co.,* 73 Conn. 428, 431.

The demurrer to the plea in abatement is sustained.