## BLANCHE E. LAMPASONA *v.* STEVE JACOBS
### (3517)

DUPONT, C. J., HULL and DALY, Js.

Argued April 30—decision released June 10, 1986

*Joseph E. Moukawsher,* for the appellant (plaintiff).

*John C. Driscoll,* for the appellee (defendant).

HULL, J. The plaintiff, the owner of a mobile home park, brought a summary process action against the defendant.[1] The complaint alleged that the defendant was occupying and in possession of lot number ten in the mobile home park and that the defendant had no right or privilege to occupy the premises. The complaint also alleged that on April 12, 1984, the plaintiff had served on the defendant a notice to quit the premises on or before April 24, 1984, and that, although the time

---

[1] Although not alleged in the complaint, the parties agree, and it is apparent from the record, that the action was for summary process under General Statutes § 47a-23 which contains an eight day notice requirement.

designated in the notice had passed, the defendant refused to vacate. The plaintiff therefore sought judgment for possession of the premises.

On June 26, 1984, the defendant moved to dismiss the plaintiff's complaint claiming that the notice to quit dated April 12, 1984, was not legally sufficient. The defendant then argued that since proper statutory notice to quit is a condition precedent to the bringing of a summary process action under General Statutes § 47a-23, the court lacked jurisdiction over the subject matter of the complaint. On July 11, 1984, the court, *Hurley, J.,*[2] denied the motion without opinion. On July 10, 1984, the defendant again moved for dismissal claiming the identical grounds but adding the claim that the notice given was also defective because the plaintiff had not complied with the sixty days' notice requirement of General Statutes § 21-80. This motion to dismiss was granted by the court, *Walsh, J.,* on July 26, 1984.[3]

In granting the motion to dismiss, the trial court relied on that portion of General Statutes § 21-80 (b) which provides: "(3) Notwithstanding the provisions of section 47a-23, termination of any tenancy in a mobile manufactured home park shall be effective only if made in the following manner: . . . (B) By the owner giving the resident at least sixty days' written notice, which shall state the reason or reasons for such termination . . . ." The court found that the lack of such sixty days notice, which was apparent on the record and agreed upon by the parties in oral argument, deprived the court of jurisdiction to hear the matter and, accordingly, granted the motion to dismiss. The

---

[2] The trial court's action on this motion is not challenged in this appeal.

[3] In his memorandum of decision on the defendant's second motion to dismiss, Judge Walsh concluded that Judge Hurley's ruling on the earlier motion to dismiss was intended to address only the narrow issue of whether or not eight days' notice was given as required by General Statutes § 47a-23.

plaintiff appeals from the judgment of dismissal raising two claims: (1) that the court erred in granting the defendant's motion to dismiss for want of subject matter jurisdiction because in so doing the court looked beyond the question of subject matter jurisdiction and improperly dismissed the case on its merits; and (2) that the court violated several of the plaintiff's constitutional rights by ruling that the defendant was a "resident" under General Statutes § 21-64 (5) whose "tenancy" could be terminated only after sixty days' notice under General Statutes § 21-80.

A careful scrutiny of the complaint and the procedure followed reveals that the court erred in granting the motion to dismiss for reasons not raised below or briefed by the plaintiff. We find plain error and resolve the case on this basis despite the plaintiff's failure to raise the issue. Practice Book § 3063. As a result, we do not reach the claims the plaintiff did raise in her appeal.

Practice Book § 143 provides in pertinent part that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . . This motion shall always be filed with a supporting memorandum of law, and *where appropriate, with supporting affidavits as to facts not apparent on the record.*" (Emphasis added.) Here, no supporting affidavits were filed. The court not only had no affidavits before it, it also took no evidence. Nor is there anything in the complaint that would justify the court's apparent determination that the defendant was a resident of the park so as to trigger application of General Statutes § 21-80. The complaint, as stated earlier, alleged only that the defendant was occupying and was in possession of lot number ten and that the defendant had no right or privilege to occupy that lot. The allegation of occupancy and possession of a lot does not invoke the definition of a "resident" found in General Statutes § 21-64 (5)

which defines a resident as "a person who owns, or rents *and* occupies, a mobile manufactured home in a mobile manufactured home park." (Emphasis added.) Defense counsel did assert that the defendant would be prepared to offer testimony that he purchased the mobile home, and that the prior owner requested permission for approval of the plaintiff as a tenant in accordance with the procedure set out in General Statutes § 21-79, but received no response. Counsel argued that by complying with General Statutes § 21-79, the plaintiff became a resident under the definition in General Statutes § 21-64 (5), and was, therefore, entitled to sixty days' notice as specified in General Statutes § 21-80. The arguments of counsel, however, no matter how persuasive, do not constitute facts. Nor can the court assume jurisdictional facts by osmosis.

At the time the trial court granted the motion to dismiss, an issue of fact on which the jurisdiction of the court depended existed: whether the defendant was a resident within the meaning of General Statutes § 21-64 (5) so as to be entitled to sixty days' notice to quit possession. " 'A motion to dismiss may . . . raise issues of fact and would, therefore, require a . . . hearing [to determine the facts]. . . . [A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists.' 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup.) § 108d p. S 73. ' "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg* v. *Kelly* [397 U.S. 254, 269, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970)].' *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 574, 409 A.2d 1020 (1979). When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is

provided to present evidence and to cross-examine adverse witnesses. The trial court erred in not holding such a hearing." *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 56, 459 A.2d 503 (1983); accord *Garden Mutual Benefit Assn.* v. *Levy,* 37 Conn. Sup. 790, 437 A.2d 141 (1981).[4]

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[4] We do not reach the question whether, since jurisdictional facts are challenged by the defendant in this case, the plaintiff had the burden to prove those facts. See *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 54, 459 A.2d 503 (1983); Moller & Horton, Connecticut Practice, Superior Court Civil Rules (2d Ed.) Comment on § 143.