[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint dated April 20, 1990, plaintiff Robert W. Mowad, Sr. brings this action against defendants Snappy Car Rental and Kevin Martin for injuries and damages sustained in a September 8, 1989 motor vehicle accident. Martin was allegedly operating a vehicle rented or leased from Snappy in a negligent and careless manner, resulting in the accident forming the basis of the suit. CT Page 2151
The writ of summons identified Kevin Martin as a resident of the State of New York. As a non-resident operator, Martin was served in accordance with Connecticut General Statutes Section52-62. That section authorizes substituted or constructive service upon a nonresident motorist in an action for negligent operation of a motor vehicle in this state by: (a) leaving a true and attested copy of the original writ, summons, notice and complaint at the office of the Commissioner of Motor Vehicles for the State of Connecticut; and (2) sending to the defendant, by registered or certified mail, postage prepaid, a like true and attested copy of the original writ, summons, notice and complaint along with an endorsement of the service upon the commissioner, at defendant's last known address.
Counsel for defendant Martin have moved to dismiss the action against him, arguing that the court lacks personal jurisdiction over him. The defendant does not contest plaintiff's compliance with Section 52-62 but rather asserts that Kevin Martin is not a person who in fact exists as its grounds for dismissal.
Memoranda of law in support and opposition to the motion were filed by the respective parties.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). It admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62 (1988).
Kevin Martin was the name used by the renter of a car involved in a hit and run accident with Mr. Mowad according to an exhibit attached to the affidavit of Connie Peters, a claims representative for Peerless Insurance Company. In oral argument on this motion, defendant indicated that a stolen credit card was used to effectuate the rental. After diligent efforts to locate the alleged Kevin Martin, counsel for Martin have concluded that so such person exists and therefore seek dismissal of the action against him.
The existence or non-existence of the named defendant Kevin Martin is an issue of fact. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross examine adverse witnesses." Standard Tallow Corp v. Jowdy, 190 Conn. 48, 56
(1983); Lampasona v. Jacobs, 7 Conn. App. 639, 642 (1986). "`A motion to dismiss may raise issues of fact and would therefore require a hearing [to determine the facts]. . . . [A]ffidavits are CT Page 2152 insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists.' 1 Stephenson, Conn. Civ. Proc. (2nd Ed. 1982 Sup. ) Section 108d p. 573." Standard Tallow Corp, 190 Conn. at 56; Lampasona, 7 Conn. App. at 642. Furthermore, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." Id. (citations omitted).
For the foregoing reasons and despite the strength of the affidavit and exhibits attached thereto, an evidentiary hearing is necessary to resolve a material fact prior to ruling on the motion to dismiss now pending.
So ordered.
LANGENBACH, J.