[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This is an action in four counts centering around the alleged wrongful discharge of plaintiff, a teacher, from the Bloomfield school system. The first three counts are brought against the school principal (Doreen Duran); the first count alleging intentional infliction of emotional damages; the second count alleging negligent infliction of emotional damages; the third count alleging slander. The fourth count seeks damages from the school principal, the Board of Education and Mary Eberle, Chairperson of the Board of Education for the alleged wrongful discharge.
Defendants have moved to dismiss all counts alleging lack of subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies found in the grievance procedures of the bargaining agreement between the defendant Board and the teacher's union and for lack of personal jurisdiction based on insufficiency of process and service.
 I.
The motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court. Upson v. State,190 Conn. 622, 625 (1983). "This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." (Emphasis added). Sec. 143 C.P.B.; Lampasona v. Jacobs, 7 Conn. App. 639, 641 (1986). "The motion to dismiss like a `motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.'" Barde v. Board of Trustees, 207 Conn. 59, 62
(1988).
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Robinson v. ITT Continental Banking Co., 2 Conn. App. 308, 310-11 (1984). Subject matter jurisdiction cannot be waived and whenever the court lacks subject matter jurisdiction it shall dismiss the action. Sec. CT Page 6983 145 C.P.B. Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." Castro v. Viera, 207 Conn. 420, 429-30 (1988).
It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. (Citations omitted). Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556 (1987).
 II.
The Defendants argue in their motion and memorandum of law that the complaint should be dismissed for plaintiff's failure to exhaust administrative remedies, specifically, grievance procedures found in the bargaining agreement. The defendants attached the bargaining agreement to their memorandum of law in support of their motion to dismiss, but their affidavits do not refer to such an agreement. The existence and content of the bargaining agreement is not properly before the court and defendants have improperly raised facts not apparent on the record which cannot be considered in this motion to dismiss.
This court may only dismiss the plaintiff's complaint for lack of subject matter jurisdiction if evidence of facts not apparent on the record, namely plaintiff's failure to exhaust contractual remedies, is properly brought before the court. As the collective bargaining agreement was not properly made a part of the record by way of supporting affidavit, the motion to dismiss may not be sustained on this ground.
 III.
The defendants also move to dismiss the complaint on the ground of (1) defective process as to the Board, and (2) insufficiency of service of process as to defendants Eberle, Duran and the Board. It is noted that defendant Duran has waived any insufficiency of service claim at oral argument.
Defendants assert that the court lacks personal jurisdiction over the Board because of insufficiency of process because the Board is not named in the writ of summons which only refers to the defendant Eberle whose address is cited as "Bloomfield Board of Education, 1133 Blue Hills Avenue, Bloomfield, CT 06002." The complaint itself, however, names the Bloomfield Board of Education as the defendant.
Conn. Gen Stat. 52-45a provides that CT Page 6984
 Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, [describing the parties],* the court to which it is returnable, the return day and the date and place for the filing of an appearance (underlining supplied).
Conn. Gen. Stat. 52-123 provides, however, that
 [n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.
In Hillman v. Greenwich, 217 Conn. 520, 526 (1991), the court stated
 [A] writ of summons is a statutory prerequisite to the commencement of a civil action. General Statutes 52-45a. A writ of summons is analagous to a citation in an administrative appeal, Sheehan v. Zoning Commission, 173 Conn. 408, 412, 378 A.2d 519 (1977), State v. One 1981 BMW Automobile, supra, 544; it is an essential element to the validity of the jurisdiction of the court. (Citations omitted).
In Pack v. Burns, 212 Conn. 381, 384-85 (1989), the court stated
 The effect given to . . . a misdescription [in a writ of the party sued] usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution of entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed.
It has been held, in the context of an administrative appeal that "[t]he failure to include a party defendant in the citation is not a defect curable by amendment and renders the appeal subject to dismissal for want of jurisdiction." Board of Education v. State Board of Education, 38 Conn., Sup. 712 CT Page 6985 717 (1983), citing, Sheehan v. Zoning Commission, 173 Conn. 408,413 (1977).
We conclude that the failure to name the Board as a defendant in the writ is a substantive defect, depriving this court of personal jurisdiction over the Board and, therefore, the motion to dismiss is granted as to the Board. It is therefore unnecessary to consider defendants' further claim that the plaintiff failed to serve process on the Board
 IV.
The defendants also argue in their memorandum of law, that the defect in the citation of the writ of summons, naming defendant Eberle but citing her business address, deprives the court of personal jurisdiction over her for insufficiency of process. In Burger v. Frohlich, 4 Conn. Cir. Ct. 468, 472 (1967), the court held that the failure to set out in the writ the defendant's address was a circumstantial defect. This court does not lack personal jurisdiction over defendant Eberle for insufficiency of process as the defect in the writ of summons was circumstantial and she did receive notice by proper service.
 V.
Defendants also assert in their motion to dismiss that service of process of the amended complaint on defendant Eberle was insufficient because it was sent by first class mail, and that such service is not authorized by Conn. Gen. Stat. Secs. 52072 and 52-130. We find neither of these statutes applicable to this case and that service by mail was permissible under Sec. 122. C.P.B.
Defendants further argue in their motion to dismiss that Sec. 122, C.P.B. requires that service of the amended complaint be made in the same manner as the original writ. Sec. 122, C.P.B. provides that "[s]ervice . . . upon a party, except service pursuant to Sec. 121(c), may be made by delivering a copy to him or by mailing it [a copy] to him at his last known address." Section 121(c), C.P.B. provides that "[a]ny pleading asserting new or additional claims for relief against parties who have not appeared or who have been defaulted shall be served on such parties in the same manner as an original writ and complaint is served or as ordered by the court." Both Eberle and Duran have entered appearances and neither has been defaulted. Service may be made by mailing the party a copy of the pleading at his last known address as was done in the instant action.
Motion to dismiss against the Bloomfield Board of Education granted. CT Page 6986
Motion to dismiss against Doreen Duran and Mary Eberle denied.
WAGNER, J.