[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS (#102)
On March 9, 1992, the plaintiff Michael Thibault, filed a complaint against the defendant Woodward Governor Company, Bauer Aerospace, a Delaware corporation doing business in the State of Connecticut. In count two of its complaint the plaintiff claims that, on January 24, 1990, the plaintiff began employment with the defendant. The plaintiff maintains that at all times relevant to this complaint he was, and is, a homosexual. On April 16, 1991, the plaintiff's employment was terminated by the defendant, and the plaintiff alleges that said termination was the result of discrimination in violation of Conn. Pub. Acts No. 91-58 stemming from the plaintiff's sexual orientation. Consequently, the plaintiff contends that said termination was in contravention of Connecticut's public policy. The plaintiff alleges that, as a result of the foregoing, he has suffered, inter alia, severe emotional distress.
On May 5, 1992, the defendant filed a motion to dismiss count two of the complaint and attached thereto a supporting memorandum. The plaintiff has not filed a memorandum in opposition to the motion to dismiss.
The motion to dismiss is provided for in Practice Book 142-146 and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
Practice Book 143 states, "[i]f an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve . . . a memorandum of law. . . ." Practice Book 143. The plaintiff has failed to file a memorandum of law in opposition to the motion to dismiss. Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed as consent CT Page 5819 to the motion to dismiss. See, e.g., Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, n. 1, 578 A.2d 646 (199) "Practice Book 143 . . . [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section." Foley, supra.
In its memorandum in support of its motion to dismiss the defendant contends that the plaintiff here seeks relief under Connecticut's Fair Employment Practices Act ("CFEPA"), General Statutes 46a-60 et seq. ("the Act"). The defendant maintains that the Act sets forth an administrative procedure which must be followed when an individual alleges employment discrimination. The defendant claims that because that procedure was not followed, this court lacks jurisdiction over the subject matter of this action.
Conn. Pub. Acts No. 91-58 will, apparently, be codified at General Statutes 46a-51 et seq., Connecticut's Human Rights Opportunities Act. See, e.g., Conn. Pub. Act No. 91-58 Sec. 20. General Statutes46a-58 et seq. pertain to discriminatory practices. Furthermore, General Statutes 46a-82 et seq. provide a procedure by which to file a discriminatory practice complaint. General Statutes 46a-82 states, in pertinent part, that:
 (a) Any person claiming to be aggrieved by an alleged discriminatory practice . . . may, by himself or his attorney, make, sign and file with the commission [on human rights and opportunities] a complaint in writing under oath, which shall state the name and address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission. . . . (Emphasis added.)
General Statutes 46a-82(a).
The question for this court is whether the word "may" makes the filing of a complaint with the Commission on Human Rights and Opportunities ("CHRO") discretionary or mandatory. Our Supreme Court has held that "the provisions of the CEFPA that prohibit discriminatory employment practices; General Statutes 46a-58 through 46a-81; must be read in conjunction with the act's provisions for the filing of complaints concerning alleged discriminatory practices with the CHRO." Sullivan v. Board of Police Commissioners, 196 Conn. 208, 215, 491 A.2d 1096 (1985). In Sullivan, supra, the defendant sought to dismiss the plaintiff's CFEPA action because the plaintiff failed to first file a complaint with the CHRO and, consequently, failed to exhaust his administrative remedies. The Sullivan court found that "having failed to follow the administrative route that the legislature has prescribed for his claim of discrimination, [the plaintiff] lacks the statutory authority to pursue that claim in the Superior Court." Id., 216. See also Murphy v. Midwestern Connecticut Council on Alcoholism, 2 CTLR 203, 204 (August 6, 1990, Pickett, J.) CT Page 5820 Thus, pursuant to Sullivan, supra, the word "may" in the context of General Statutes 46a-82 is mandatory.
It is well settled that:
 [W]here a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure. Norwich v. Lebanon, 200 Conn. 697, 708, 513 A.2d 77 (1986). [This] exhaustion doctrine implicates subject matter jurisdiction. . . .
Cannata v. Department of Environmental Protection, 215 Conn. 616, 623,577 A.2d 1017 (1990). See also Owner-Operators Independent Drivers Association of America v. State of Connecticut, 209 Conn. 679, 687,553 A.2d 1104 (1989) (stating that where "an adequate administrative remedy exists at law, a litigant must exhaust it before the Superior Court will obtain jurisdiction over an independent action on the matter").
The plaintiff here has failed to exhaust the administrative procedures existing pursuant to General Statutes 46a-82. See Sullivan, supra. Consequently, in accordance with Sullivan, supra, and Cannata, supra, this court lacks jurisdiction over this matter, and therefore, the motion to dismiss is granted,
DRANGINIS, J.