[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Muthu Sankaran has filed this case "as a derivative action in the right and for the benefit of PCT Corporation." According to the complaint, he "formed a company called Packaged Communication Technology to develop and market computer software. PCT is incorporated in the State of Delaware . . . . He was on the first Board of Directors." The CT Page 9363 plaintiff was also the first president of the corporation but was later discharged by the Board. The plaintiff claims that the officers and directors of PCT Corporation engaged in various actions to benefit themselves individually and in so doing breached their fiduciary duties toward PCT Corporation and its shareholders.
The defendant Ronald Jarvis has moved to dismiss this action on several grounds. His first claim is that the plaintiff has no standing in this matter since this is a derivative action and the corporation was dissolved in February 1991. The laws of Delaware, the state in which PCT is incorporated, provide that:
 All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution the action shall not abate by reason of the dissolution of the corporation; the corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the 3-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery. CT Page 9364
Delaware Code 8 Section 278.
Similarly, our Connecticut statutes provide that dissolution of a corporation does not impair any remedy available against the corporation for any right or claim existing or for any liability incurred prior to dissolution. Conn. Gen. Stat. 33-378 and 33-379. Moreover, courts have held that dissolution of a corporation will not defeat a shareholder's right to prosecute a derivative action on behalf of the corporation. Snyder v. Pleasant Valley Finishing Co., 756 F. Sup. 725, 730
(S.D.N.Y. 1990); see also, Keysee v. Commonwealth National Financial Corp., 120 F.R.D. 489, 493 (M.D. Pa. 1988). Therefore, the dissolution of PCT Corporation does not prevent this action.
The defendant next claims that PCT, a foreign corporation, has no standing to sue in Connecticut because it has not complied with General Statutes 33-396 and registered with the Secretary of State by obtaining a Certificate of Authority to transact business in the state. The defendant claims that since the corporation lacks a Certificate of Authority, General Statutes 33-412 prevents the corporation or its derivative representative from asserting its rights through any action in state court. The logic of the defendant is problematic. "A shareholder's derivative suit is an equitable action by the corporation as the real party in interest with a stockholder as a nominal plaintiff representing the corporation . . . it is designed to facilitate holding wrongdoing directors and majority shareholders to account and also to enforce corporate claims against third persons." Barrett v. Southern Connecticut Gas Co., 172 Conn. 362, 370 (1977). "If the duties of care and loyalty which directors owe to their corporations could be enforced only in suits by the corporation, many wrongs done by directors would never be remedied." Id., quoting Cary, Corporations, (4th Ed.), p. 868. As the plaintiff argues, to allow the corporation to insulate itself from a derivative suit by failing to obtain a Certificate of Authority would frustrate the purpose of derivative lawsuits and allow wrongdoing directors to escape the consequences of their actions. Courts must use common sense in construing statutes and must assume that a reasonable and rational result was intended by the legislature. Windham First Taxing District v. Windham, 208 Conn. 543, 553
(1988). Adopting the defendant's position would permit a result that is not reasonable and rational and could not have been intended by the legislature. Moreover, in the strictest CT Page 9365 sense, General Statutes, 33-396 does not apply because the nominal plaintiff in this matter is the individual Muthu Sankaran rather than PCT Corporation. Therefore, the failure to obtain a Certificate of Authority under General Statutes 33-396 does not bar this derivative action.
The defendant also claims that this action should be dismissed because the summons identifies the corporate defendant as "PCT Corporation of Delaware" while the complaint refers to the corporate defendant only as "PCT Corporation". Conn. Gen. Stat. 52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood by the court." The type of misdescription complained of herein is merely a circumstantial defect which does not prevent the court from understanding the identity of the defendant. Therefore, this misdescription will not abate the pleadings. See Conn. Gen. Stat. 52-123; Pack v. Burns, 212 Conn. 381, 384-85 (1989) (action against "transportation commission" understood to mean Commissioner of Transportation).
The defendant likewise claims that the incorrect corporate address in the summons should result in dismissal of the case. However, an incorrect address is not sufficient to warrant dismissal since that is also a circumstantial defect curable by Conn. Gen. Stat. 52-72. Coiro v. Duran,4 Conn. L. Rptr. 434, 436 (1991). Similarly, failure to mention in the writ the corporation's executive officer or last known address does not abate the pleadings. Burger v. Frohlich, 4 Conn. Cir. Ct. 468, 471-72 (1967). The defendant was properly served under Conn. Gen. Stat. 33-411.
Accordingly, the motion to dismiss is denied.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT