[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The issue in this case is whether or not the defendant's motion to dismiss for lack of personal jurisdiction and insufficiency of service of process should be granted.
On May 4, 1993, the plaintiff, A. Rotondo Sons, filed a two count complaint against the defendant, Skanco Sharon-Foxboro Development, Inc. The first count of the complaint asserts a claim of unjust enrichment. The second count alleges a breach of contract. On July 30, 1993, the defendant filed a motion to dismiss the plaintiff's complaint for lack of in personam
jurisdiction over the defendant and insufficiency of service of process.
The plaintiff has failed to file a memorandum of law in opposition to the defendant's motion to dismiss as required by Practice Book § 143.[1] The Practice Book, however, no longer provides that a party who fails to timely file a memorandum of law in opposition to a motion to dismiss is deemed to have consented to the motion. Soiltesting, Inc. v. Berner,7 Conn. L. Rptr. 553 (November 4, 1992, McGrath, J.) (stating that "[t]he 1989 amendment to Sec. 143 appears calculated to allow courts the discretion to consider an objection that fails to comply with the five-day rule");[2] Afflerbach v. Furry,2 Conn. L. Rptr. 762, 763 (November 9, 1990, Hennessey, J.) The plaintiff in the present action has not filed an untimely memorandum, it has failed to file a memorandum at all. The superior courts, however, have not drawn the distinction between making an untimely filing and failing to make a filing. ThibaultCT Page 2404v. Woodward Governor Co., 7 CSCR 1064 (June 2, 1992, Dranginis, J.); Enfield National Bank v. DiFabio, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. 385862 (December 22, 1992, Burns, J.) (stating that "the defendant's failure to file an opposing memorandum of law does not mandate the granting of the motion and the court will consider the merits of the motion"). Thus, the court has discretion to address the merits of the defendant's motion.
The issue of lack of personal jurisdiction is properly raised by a motion to dismiss. Chrysler Credit Corporation v. FairfieldChrysler-Plymouth, Inc., 180 Conn. 223, 226, 429 A.2d 478 (1980).
A motion to dismiss is also the proper vehicle to assert insufficiency of service of process. Second Taxing District, City of Norwalk v. Department of Revenue Services, 1 CSCR 193, 194
(March 12, 1986, Aronson, J.).
1. Lack of Personal Jurisdiction.
According to the facts alleged in the complaint, the plaintiff is a Connecticut corporation with its principal place of business in this state, and the defendant is a Massachusetts corporation. The defendant's memorandum in support of its motion to dismiss, and the affidavit of its vice president appended thereto, however, state that the defendant is a New York corporation with its principal place of business in Massachusetts. Neither party claims that the defendant is a Connecticut corporation.
Personal jurisdiction over the defendant, a foreign corporation, is governed by the General Statutes, § 33-411, the Connecticut long-arm statute. The defendant's discussion of jurisdiction under § 33-411 is premature, however, in that it is not clear which subsections of § 33-411 the plaintiff claims as the basis of its assertion of personal jurisdiction over the defendant.
The apparent basis upon which the plaintiff asserts that this court has in personam jurisdiction over the defendant is that the defendant operates out of an office in Greenwich, Connecticut. According to the defendant's memorandum of law in support of its motion to dismiss and the affidavit of its vice president, however, the defendant has no office within the state of Connecticut and has never had an office here. While it is CT Page 2405 incumbent on the court to consider the allegations of the complaint in their most favorable light, Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990), where affidavits contesting facts in the complaint are provided, the trial court need not conclusively presume the validity of the allegations of the complaint. Amore v. Frankel, 228 Conn. 358, 366, 636 A.2d 786
(1994). Furthermore, the plaintiff bears the burden of proof regarding contested factual issues pertaining to jurisdiction.Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503
(1983) ("When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction.").
In resolving the issue of whether there is in personam
jurisdiction over the defendant, an evidentiary hearing is required to determine whether the defendant maintains an office in Connecticut. Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 56
(stating that an evidentiary hearing is afforded to the plaintiff under notions of due process when issues of fact are necessary to the determination of a court's jurisdiction);Sagamore Group, Inc. v. Commissioner of Transportation, 29 Conn. App. 292,298, 614 A.2d 1255 (1992) (finding that "[a] motion to dismiss may raise issues of fact and would, therefore, require a hearing to determine the facts"); Lampasona v. Jacobs, 7 Conn. App. 639,642, 509 A.2d 1089 (1986), aff'd 209 Conn. 724,553 A.2d 175, cert. denied, 492 U.S. 919 (1989), quoting 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup.) § 108d p. S 73 (noting that "`[a]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists.'"); Garden MutualBenefit Association v. Levy, 37 Conn. Sup. 790, 793 (App. Sess., September 18, 1981) (stating that the trial court must hold an evidentiary hearing prior to determining jurisdictional questions when parties have submitted affidavits which present factual issues).
2. Insufficiency of Service of Process.
The plaintiff in this action directed service on the defendant through sheriff's service on the Secretary of State, "STATUTORY AGENT FOR SERVICE, duly authorized to accept service for the within named Defendant, SKANCO SHARON-FOXBORO DEVELOPMENT, INC. . . . ." Sheriff's Return of Service, dated May CT Page 2406 4, 1993. The address of the defendant appearing on the summons is 73 Arch Street, Greenwich, Connecticut. As noted in the defendant's memorandum, it appears by this statement that the plaintiff has attempted service under General Statutes, § 33-411(a)(1), service of process on foreign corporations.[3] The statute allows for service of process on a foreign corporation authorized to transact business in Connecticut by serving the secretary of state, when the secretary of state has been appointed the corporation's agent for service of process. The affidavit of Bo Wilberg, vice president of the defendant corporation, avers that the defendant is not registered in Connecticut, is not licensed to transact business in Connecticut and does not maintain an agent for service of process in Connecticut.
If, however, the plaintiff asserts jurisdiction over the defendant pursuant to § 33-411(c),[4] then service of process is governed by the provisions of § 33-41(d).[5]
That section specifies that a copy of the process must be mailed by the Connecticut secretary of state to the foreign corporation at its executive offices, or, if it has no such office, to its last office as shown in the official registry of its place of incorporation, and that such address must be set forth in the writ or other process. The record is devoid of facts necessary to meet the jurisdictional requirements of § 33-411(c) and does not establish that service of process was made on the defendant in conformity with the provisions of § 33-411(d).
It is the court's opinion that the record does not set forth facts necessary for a determination of whether service of process was sufficient under § 33-411(a) or § 33-411(d). With respect to § 33-411(a), the affidavit in support of the motion to dismiss raises issues of fact regarding whether the defendant maintained an office in Connecticut and whether the defendant was authorized to transact business here.[6]
Similarly, the facts necessary to determine whether service of process was properly made under § 33-411(d) are not apparent from the record. Therefore, on the basis of the authority set out previously, an evidentiary hearing should be held to determine the facts relevant to a determination of whether service of process was proper.
Accordingly, it is the court's opinion that an evidentiary hearing should be held to establish facts necessary for a determination of whether in personam jurisdiction over the CT Page 2407 defendant may be asserted and to establish facts necessary for a determination of whether service of process was insufficient.
Hale, State Trial Referee