[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Marc M. Schindelman, a defendant in both of the above-captioned matters, has filed a motion to dismiss for insufficiency of process.
The defendant claims that the summons in both matters misidentified him as a resident of 871 Capitol Avenue in Hartford, a location at which he has never resided. The defendant claims that proper identification of a defendant is necessary in order to confer jurisdiction over the person.
The defendant does concede, however, that he was in fact personally served in hand with the plaintiffs' original process in both actions.
Practice Book § 49 provides that a plaintiff must serve a civil summons "describing the parties, the court to which it is returnable and the time and place of appearance." Practice Book § 49. Additionally, a writ of summons "is an essential element to the validity of the [court's] jurisdiction . . . [a]lthough the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book." Hillmanv. Greenwich, 217 Conn. 520, 526, 587 A.2d 99 (1991). General Statutes § 52-123 provides that a writ shall not be dismissed based on a circumstantial error, mistake or defect as long as the person and cause can be understood by CT Page 4826 the court. See General Statutes § 52-123.
In Burger v. Frohlich, 4 Conn. Cir. Ct. 468, 471 (1967), the court held that the failure to set out in the writ the defendant's address was a circumstantial defect which did not make the process insufficient. Similarly, inHartford National Bank Trust v. Tucker, 178 Conn. 472,423 A.2d 141 (1979), the court held that the lack of an apartment number on the summons was only a circumstantial defect because process was left at the correct apartment and was actually received by the defendant. Finally, the court in Coiro v. Duran, 4 Conn. L. Rptr. 434, 436 (1991), held that where the intended defendant actually received the summons, the listing of an incorrect address therein did not require a dismissal of the action because it was a circumstantial defect, within the meaning of General Statutes § 52-123.
"Manual service on a defendant within the state is always the best and highest type of service and should always be used, if possible . . ." Smith v. Smith,150 Conn. 15, 22-23, 183 A.2d 848 (1962). In the present actions, defendant Schindelman, the intended defendant, was served personally in hand, and therefore received notice of the actions. The mere fact that the address on the summons in each action was incorrect is merely a circumstantial defect which does not warrant a dismissal of either action.
For the foregoing reasons, the defendant's motions to dismiss are hereby denied.
Michael R. Sheldon Judge