[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS # 102
This Motion To Dismiss attacks the court's subject matter jurisdiction in connection with a foreclosure of a mechanics lien. The Plaintiff claims that the Defendants, the, Santopietros's entered into an agreement with the Defendant Testa to make improvements on property they owned in Wolcott, Connecticut. The Plaintiff alleges that it supplied materials and labor in connection with said improvements. The plaintiff filed and recorded a mechanic's lien on March 16, 1995 in furtherance of their claim of $61,042.85. CT Page 5252-AA
The plaintiff made abode service on the defendant, Testa, on March 16, 1995 with written notice of its intention to claim a lien upon the above mentioned property. The plaintiff then made abode service of its mechanic lien on the Defendant Santopietro on March 22, 1995.
On April 11, 1996, the Santopietros filed this motion to dismiss (#102) with an accompanying memorandum and affidavits.[1] The Santopietros claim that the plaintiff's "abode" service made on 33 Andrews Road, Wolcott was improper since it was not their usual place of abode.
On May 8, 1996, the Plaintiff filed a memoranda of law in opposition to the Santopietros' motion to dismiss. The plaintiff argues that its March 22, 1995 service of its mechanics lien at 33 Andrews Road was proper because the Santopietros neglected to submit a change of address form with the post office. Additionally, the plaintiff claims that its February 26, 1996 service of the complaint and lis pendens at the Santopietros' present address satisfied its notification obligations in regard to the underlying mechanic's lien.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). One of the grounds which may be asserted in a motion to dismiss is lack of jurisdiction over the subject matter. Practice Book § 143; Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988).
"In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law." H.G. Bass Associates, Inc. v. Ethan Allen, Inc., 26 Conn. App. 426,429, 601 A.2d 1040 (1992). "Because the mechanic's lien is a creature of statute, a lienor must comply with statutory requirements in order to perfect his claim." H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 549, 553, 441 A.2d CT Page 5252-BB 171 (1981). If the statutory requirements are not met, a mechanic's lien will be deemed invalid, and the court will lack the jurisdiction to entertain a foreclosure action. See Fisher Skylights v. Mashantucket Pequot Indian Tribe, Superior Court, judicial district of New London at Norwich, Docket No. 104741 (July 11, 1994, Leuba, J.); Richard A. Banks Co. v. Bradley, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 094968 (March 23, 1993, Lewis, J.); Monahan v. Godfrend, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 126750 (April 20, 1993, Rush, J.,8 CSCR 477).
The Defendant Santopietro claims that at the time the mechanics lien was "served" upon them 33 Andrews Road they were residing at 52 Winterbrook Road.
Section 49-34 of the Connecticut General Statutes states in relevant part, "[a] mechanic's lien is not valid, unless the person performing the services or furnishing the materials, . . . serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35." Service of notice of a mechanic's lien under § 49-35 requires that "[t]he notice shall be served upon the owner or original contractor . . . by any indifferent person, sheriff or other proper officer, by leaving with such owner or original contractor or at his usual place of abode a true and attested copy thereof. . ."
Where a motion to dismiss "is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Internal footnote omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "[A]ffidavits [however] are insufficient to determine the facts unless . . . they disclose that no genuine issue as to a material fact exists . . . ." Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 48,56 (1983); 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup.) § 108d p. S 73. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 48, 56 (1983); Lampasona v. Jacobs, 7 Conn. App. 639, 642, 509 A.2d 1089 (1986). CT Page 5252-CC
The Plaintiff has filed an affidavit that the Mechanics lien was served on March 22, 1995 at 33 Andrews Rd which was the Defendants Santopietro's abode or last known place of abode. The Defendant has submitted an affidavit that as late as August 8, 1995 the Santopietro's had not filed a change of address with the Postmaster. The Santopietros' affidavits state that they had "severed all ties with said residence and had no intentions of returning". There are disputed issues of fact relative to the "abode" service of the mechanics lien. The Court, under these circumstances, must afford the Plaintiff a trial like hearing on this issue at which it be given the opportunity to present evidence. Standard Tallow Corporation v. Jowdy, supra 56. The Court will therefore deny the Defendants Motion to Dismiss without prejudice and will schedule a hearing for the purpose of taking testimony.
Pellegrino, J.