# DOCTOR'S ASSOCIATES, INC. *v.* DANIEL KEATING ET AL.
## (SC 16881)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js

Argued October 24—officially released December 16, 2003

*Brenden P. Leydon,* for the appellant (defendant Terry L. DeSpain).

*Kevin M. Kennedy,* with whom, on the brief, was *Kim E. Rinehart,* for the appellee (plaintiff).

### Opinion

PER CURIAM. The defendants, Daniel Keating, Ruth Reed, Dennis M. DeSpain, Terry L. DeSpain and Charles Smith III, brought a consolidated appeal to the Appellate Court claiming that the trial court improperly had granted the applications of the plaintiff, Doctor's Associates, Inc., to compel arbitration and denied their motions to dismiss and motions to stay. *Doctor's Associates, Inc.* v. *Keating,* 72 Conn. App. 310, 311–12, 805 A.2d 120 (2002). The Appellate Court affirmed the judgments of the trial court. Id., 318. We granted the defendants' petition for certification, limited to the following

question: "Did the Appellate Court properly conclude that the defendant Terry L. DeSpain had been properly served with process by virtue of service on her attorney?" *Doctor's Associates, Inc.* v. *Keating*, 262 Conn. 922, 812 A.2d 864 (2002). We affirm the judgment of the Appellate Court.

The relevant facts and procedural history are set forth in the opinion of the Appellate Court. "This case concerns the authority of the Superior Court to enforce an arbitration clause in a franchise agreement. As part of the arbitration clause, the parties agreed that arbitration would take place in Bridgeport, Connecticut. The franchisor brought four applications in the Superior Court to compel the franchisees to arbitrate. All but one of the franchisees are residents of Florida. . . . The franchisees have appealed from the court's granting of the franchisor's applications for orders requiring the franchisees to proceed with arbitration in Bridgeport. We affirm the judgments of the court.

"The plaintiff, Doctor's Associates, Inc., is the franchisor of numerous Subway sandwich shops around the country. It is a Florida corporation that has its principal place of business in Fort Lauderdale. The defendant Daniel Keating is a present or former Subway franchisee in this state. The defendants Ruth Reed, Dennis M. DeSpain, Terry L. DeSpain and Charles Smith III (Florida defendants) are or have been Subway franchisees in Florida.

"Having filed a proper demand for arbitration with the American Arbitration Association, the plaintiff sought court orders compelling the defendants to proceed with arbitration. See General Statutes § 52-410; 9 U.S.C. § 2. In accordance with the forum selected in each of the franchise agreements, it asked the court to designate Bridgeport as the venue for the arbitration.

"In response, the defendants filed two motions. The Florida defendants filed motions to dismiss in which they asserted that the court lacked personal jurisdiction over them. All the defendants filed motions for stay in which they urged the trial court to stay its hand because of ongoing proceedings in Illinois. The trial court denied the motions to dismiss and declined to order a stay." *Doctor's Associates* v. *Keating,* supra, 72 Conn. App. 311–12. Terry L. DeSpain argues that the Appellate Court improperly found that the trial court had personal jurisdiction over her because she was not properly served with process, but, instead, process was served on her attorney, Brenden Leydon.

Our examination of the record and briefs and our consideration of the parties' oral arguments before this court persuade us that the judgment of the Appellate Court should be affirmed. We take judicial notice of the following facts: (1) the American Arbitration Association Commercial Arbitration Rules, by which the defendants agreed to be bound in their franchise agreement, allow service of process on a party's representative;[1] (2) during oral argument, counsel for the plaintiff represented to this court that he had confirmed in writing that Leydon was Terry DeSpain's representative prior to serving process on Leydon;[2] and (3) in current proceedings before the Fifth District of the Illinois Appellate Court; *Reed* v. *Doctor's Associates, Inc.,* Docket No. 5-03-0390; Terry L. DeSpain argues in favor of judicial notice of the American Arbitration Association Commercial Arbitration Rules.[3] We conclude that,

[1] Rule R-41 (a) of the American Arbitration Association Commercial Arbitration Rules provides in relevant part: "Any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith . . . may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service . . . ."

[2] Leydon did not deny this representation during oral argument.

[3] In light of these judicially noticed facts, our affirmance of the Appellate Court's opinion in this matter is confined solely to the facts of this case.

in light of these facts, it would be inequitable to grant Terry L. DeSpain's motion to dismiss.

The judgment of the Appellate Court is affirmed.