Rufo, Robert C., J.
The Plaintiff in this action, Sean M. Coutinho (“Coutinho”), seeks judicial review, pursuant to G.L.c. 30A, §14, of the Board of Motor Vehicle Liability Policies and Bonds’ (the “Board”) decision affirming the Registry of Motor Vehicles’ (the “Registry”) revocation of his license for eight years. The Registry of Motor Vehicles received a corrected abstract of Coutinho’s Operating Under the Influence (“OUI”) Offense from the District Court over ten years after his conviction. The initial abstract from the District Court reported the wrong offense, which resulted in a one-year suspension of his license to operate a motor vehicle (“license” or “driver’s license”) instead of an eight-year suspension. This Court must determine whether the law requires the tardy imposition of this eight-year suspension or whether the Board has acted in excess of its authority by initiating the license suspension ten years after conviction. For the reasons set forth below, the plaintiffs motion for judgment on the pleadings is ALLOWED.

*510
BACKGROUND

The facts, none of which are in dispute, are taken from the record filed as the Board’s answer, as required by G.L.c. 30A, §14(4). Coutinho received his third OUI conviction in the Barnstable District Court on May 2, 1996.[1] At that time, the District Court filed an incorrect abstract with the Registry, reporting that Coutinho was convicted for holding a false license and subjecting him to a one-year license revocation. After the one-year loss of license, Coutinho applied for and was granted his full driver’s license without restriction. The District Court, for reasons unknown to this Court or the Registry, realized its mistake in April 2006 and filed a corrected abstract, reporting that Coutinho’s May 2,1996 false license conviction should have been reported as a third offense OUI conviction. The Registrar received this corrected abstract and determined that Coutinho must serve his eight-year license suspension beginning in 2006. Coutinho appealed the Registrar’s decision to the Board.
The record shows that Coutinho, to his credit, enrolled in an alcohol rehabilitation program shortly after his third OUI conviction. By all accounts, he has remained sober since 1996. He currently owns and manages two businesses, he is married with two young children, and he actively supports others’ quest for sobriety and rehabilitation through Alcoholics Anonymous. The Board took these factors into account, weighed them against the seriousness of his third OUI offense, and issued Coutinho a hardship license so he could operate a vehicle between the hours of 7:00 a.m. and 7:00 p.m. Recent changes to laws in the Commonwealth governing OUI offenses, most notably Melanie’s Law, St. 2005, c. 122 (codified in various sections of G.L.c. 90), now subject Coutinho to additional restrictions and limitations that were not in place at the time of his conviction in May 1996. The Board also required Coutinho to install an ignition interlock device on each vehicle he owned, leased, and operated. G.L.c. 90, §24 1/2. The Board concluded that G.L.c. 90, §24 left it with no additional discretion; the law mandated it to impose the hardship license coupled with the installation of interlock devices despite the ten-year delay in receiving notification from the District Court.

DISCUSSION

Any party may appeal a decision of an administrative body to the Superior Court pursuant to G.L.c. 30A, § 14. The party who lodges the appeal bears the burden of demonstrating the decision’s invalidity. Merisme v. Bd. of Appeal on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). Under G.L.c. 30A, §14, this Court may affirm, remand, set aside, or modify an agency’s decision if it determines that a party’s substantial rights were prejudiced because the agency’s decision was in excess of statutory authority or jurisdiction of the agency. Coutinho and the Board disagree over whether G.L.c. 90, §24, requires suspension from the time of conviction or from the time the Registry receives notification from the court.
Here, the Registry started the suspension period from the time it received notification in the form of the corrected abstract from the District Court, ten years after the date of conviction. Yet G.L.c. 90, §24(l)(c)(3) provides that “the registrar shall not restore the license or reinstate the right to operate . . . until eight years after the date of conviction.” (Emphasis added.) The Board contends that this language permits the Registrar to begin the term of suspension anytime after it receives the abstract from the District Court because the Legislature did not modify the word “after” with the adverb “immediately.” This interpretation fails to reference G.L.c. 90, §24(l)(b), as required by §24(1) (c)(3), that specifically mandates the immediate surrender of the driver’s license to the prosecuting officer and the immediate report of revocation to the Registrar. Plainly, the Legislature intends the immediate forfeiture of one’s driver’s license upon conviction. Brach v. Chief Justice of the Dist. Court Dep’t, 386 Mass. 528, 539 (1982).
The Board’s decision to issue Coutinho a hardship license with restrictions in lieu of suspension though 2014, essentially for a period of eighteen years, exceeds the statutory authority of the Board. Flatley v. Bd. of Appeal on Motor Vehicle Liab. Policies & Bonds, 2001 WL 914508 (Mass.Super. 2001) (Brassard, J.) [13 Conn. L. Rptr. 432] (finding Board exceeded its authority when it initiated a ten-year license suspension seven years after conviction due to delayed notification). The lapse of an agency’s statutory authority to take action due to belated notification has been upheld in other contexts. Commonwealth v. Mitchell, 46 Mass.App.Ct. 921 (1999) citing Zullo, petitioner, 420 Mass. 872, 875-76 (1995) (finding lapse of time between notification and enforcement of parole violation caused loss of authority to revoke parole).
The Registry could subject Coutinho to the provisions of Melanie’s Law if it has current authority to revoke or suspend Coutinho’s license. Here, the ten-year delay caused a lapse in the Board’s authority that requires this Court to order the Board to reverse its decision.

ORDER

For the forgoing reasons, the Board of Appeal of Motor Vehicle Liability Policies and Bond’s decision is REVERSED. It is hereby ORDERED that Coutinho’s motion for judgment on the pleadings be ALLOWED.

The record evidences a possible fourth conviction for OUI from South Carolina. This Court passes no judgment on the existence or impact of that possible conviction on Coutinho’s privilege to operate a motor vehicle in Massachusetts at this time.